V1.6-8

**Faith Lynn Brashear**
Plaintiff /Witness/ Advocate
In RE: 1095 Lowry Ranch Road
Corona, CA 92881
Tel: 951-268-4042
<u>Preferred Response</u>: Fax: 855-204-0859
Faith@Betterquest.com <u>Mail Response</u>:

FILED
2016 MAR 15 PM 2: 29
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: _____

## FEDERAL COURT OF CALIFORNIA
## FOR THE ~~COUNTY~~ OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| FAITH LYNN BRASHEAR, an individual, Plaintiff<br>vs.<br>HSBC BANK USA, NATIONAL ASSOCIATION, as Trustee of the Holders of the Deutsche Alt-A Securities, Inc., Mortgage Loan Trust, Mortgage Pass-Through Certificates Series 2007-OA4;<br>CHARLES G. MEYER JR Director, HSBC Bank USA, N.A.<br>THE MORTGAGE LAW FIRM, PLC, as Trustee and Agent of a Beneficiary; as agent for Wells Fargo Bank, N.A.;<br>DARREN J. DEVLIN, President of of The Mortgage Law Firm, PLC;<br>SPECIALIZED LOAN SERVICING LLC, as servicer for HSBC Bank USA, National Association, as Trustee for the Holders of the Deutsche Alt-A Securities, Inc., Mortgage loan Trust, Mortgage Pass-Through Certificates Series 2007 –OA4;<br>MARK MCCLOSKEY Assistant Vice President of Specialized Loan Servicing LLC, and All persons and entities claiming any right to real property located at 1095 Lowry Ranch Road Corona, California 92881 and Does 1-20, inclusively,<br>Defendants | ED CASE NO CV16-469- TJH (KKx)<br><br>**EXHIBIT J- Testimony of DeMartini in Kemp vs. Countrywide in RE: Notes never left the file**<br><br>[signature]<br>3-15-16 |

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983**   1
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

IN THE UNITED STATES BANKRUPTCY COURT  EXHIBIT J
DISTRICT OF NEW JERSEY
IN RE: ) Bankruptcy No. 08-18700
))
)
JOHN T. KEMP, )
)
Debtor. )
------------------------------------)
)
JOHN T. KEMP, ) Adversary No. 08-02448
)
Plaintiff, )
)
vs. )
)
COUNTRYWIDE HOME LOANS, INC., ) Camden, New Jersey
) August 11, 2009
Defendant. ) 10:24 a.m.
)
------------------------------------)
TRANSCRIPT OF HEARING
BEFORE THE HONORABLE JUDITH H. WIZMUR
UNITED STATES BANKRUPTCY JUDGE
APPEARANCES:
For the Plaintiff: BRUCE LEVITT, ESQUIRE
LEVITT & SLAFKES, PC
76 South Orange Avenue, Suite 305
South Orange, New Jersey, 07079
Cherry Hill, New Jersey 08003
For the Defendant: HAROLD KAPLAN, ESQUIRE
FRENKEL, LAMBERT, WEISS, WEISMAN
& GORDON, LLP
80 Main Street, Suite 460
West Orange, New Jersey 07052


Page 8 and 9

DeMartini - Cross 8
1 have originated it, we are the ones that have always serviced
2 it.
3 Q Today who is the owner of the loan?
4 A Bank of New York.
5 Q Bank of New York?
6 A As -- as the trustee for the certificate holder CWABS,
7 Asset-Backed Securities series number --
8 Q And who is in possession of the note?
9 A Who is in possession of the note? We have the note in our
10 origination file.
11 Q So -- so Bank of New York as trustee does not hold the
12 note, is that correct, or is not in possession of the note?
13 A The original note to my knowledge is in the origination

```
14 file.
15 Q Where is the -- do you have it here today?
16 A No, I don't have it with me here today.
17 Q So you don't have the note?
18 A It's in our office.
19 Q So it's in your office, it's not with this trust that owns
20 the -- that's supposedly holds the -- or is the owner of this
21 note, is that correct?
22 A That's correct.
23 Q And your testimony is that this allonge was never
24 submitted to -- it was never in the possession of Bank of New
25 York as trustee for the certificate holder, is that correct?
```
DeMartini - Cross 9
```
1 MR. KAPLAN: Your Honor, I object. Countrywide or
2 Bank of America is the servicer. They possess and hold all
3 the documents.
4 THE COURT: Don't give me an argument, that's not an
5 objection to the question. I don't mean to be -- to cut your
6 off, but you're welcome to make that argument bottom line, but
7 that's a perfectly proper question.
8 BY MR. LEVITT:
9 Q And this allonge, it's a stand-alone document, correct?
10 It's not attached to anything, is that correct?
11 A I'm not sure I'm understanding your question.
12 Q Was there anything -- when you brought the original that's
13 in front of you, did you remove it? Was it stapled to
14 something else?
15 A No, it wouldn't have necessarily been stapled to something
16 else. There would have probably been other documents showing
17 the -- you know, we would have shown her the note. We would
18 have reviewed all of that before.
19 Q And where are all the documents that you showed her?
20 A Well, I have copies of -- I have a copy of the note, I
21 have a copy of the deed with me here today.
22 Q And those --
23 A They're signed copies.
24 Q Can you show me exactly the documents that you showed her
25 when you had her sign this allonge?
```

```
And again there, Your Honor, if my position is the
23 trust has to be in possession of the note and the trust has to
24 prove that it took possession and if we're going to deal with
25 the Pooling and Servicing Agreement -- and, Your Honor, one of
```
Colloquy 39
```
1 the reasons why I wasn't moving it into evidence was because
2 to me it wasn't competent evidence at this point, again, it
3 wasn't my burden, but if counsel is going to find the
4 legitimate document that's recorded with the SEC, well that's
5 going to be the Bible, Your Honor, and that's going to say
6 that this note had to be delivered.
7 Whether it ultimately ended up with the trust --
```

```
 8 with the servicer, the Pooling and Servicing Agreement, if
 9 it's at all close to this draft or like every other Pooling
10 and Servicing Agreement I've read, it's going to say it would
11 have had to be physically transferred first from Countrywide
12 was the originator to the depositor, and then from the
13 depositor ultimately to the trust.
14 **The physical documents according to the Pooling and**
15 **Servicing have to be transferred and in this document you're**
16 **going to see it had to be endorsed. We're not going to have**
17 **that here. So if they can prove that these documents were**
18 **physically transferred, meaning there's delivery receipts**
19 **showing they were physically transferred from A to B, from B**
20 **to C, and if C decided to let its agent hold them, I think,**
21 **Your Honor --**
22 THE COURT: Well, there's no question on this record
23 and, you know, I'm ready to accept it as fact that these
24 original documents never moved. I mean, that was the
25 testimony.
```

Colloquy 40

```
 1 MR. LEVITT: And if that's the case, Your Honor, I
 2 think we're done because unless the documents were physically
 3 transferred, the trust ultimately could decide to let its
 4 agent -- you know, Countrywide here, despite the witness's
 5 beliefs and assertions, Countrywide here is wearing two
 6 different hats, it's wearing the hat as Countrywide Home
 7 Mortgage, the one that originated these mortgages, packaged
 8 them and got rid of them as quickly as they possibly could,
 9 that's hat number one, and then as another way to make money,
10 they're a servicer.
11 THE COURT: Right.
12 MR. LEVITT: So it's two different -- from all
13 practical purposes and in fact I think the Pooling and
14 Servicing Agreement will show, it's two separate and distinct
15 legal entities, both Countrywide entities, now Bank of America
16 entities. So if A, which is Countrywide the originator, ended
17 up securitizing and selling this loan they would have had to
18 have followed the terms of the Pooling and Servicing Agreement
19 to get it into the hands of the trust and then D, which is
20 Countrywide the servicer, could have gotten possession. And
21 even if it meant -- even if they stayed in the same vault but
22 if it meant that there was a delivery receipt from A to D or A
23 to B to C to D, that's what they have to prove.
24 And because they're saying that, now maybe they do
25 have those delivery receipts and if they want to produce them
```