V1.6-8

1

**Faith Lynn Brashear**

2
Plaintiff /Witness/ Advocate
In RE: 1095 Lowry Ranch Road

3
Corona, CA 92881
Tel: 951-268-4042

4
<u>Preferred Response:</u> Fax: 855-204-0859

5
Faith@Betterquest.com <u>Mail Response:</u>

6

7
**FEDERAL COURT OF CALIFORNIA**
**FOR THE ~~COUNTY OF~~ LOS ANGELES, CENTRAL DISTRICT**

8
FAITH LYNN BRASHEAR, an individual, *ED* **CV16-469-** *TJH (KKx)*

9
Plaintiff  vs.                                                   Case No.: _____

HSBC BANK USA, NATIONAL                   Assigned to Hon. _____, presiding

10
ASSOCIATION, as Trustee of the Holders of    **Request for Immediate Stay Order**
the Deutsche Alt-A Securities, Inc., Mortgage

11
Loan Trust, Mortgage Pass-Through            **EX PARTE APPLICATION FOR**
Certificates Series 2007-OA4;                **TEMPORARY RESTRAINING ORDER**

12
CHARLES G. MEYER JR Director,                **AND ORDER TO SHOW CAUSE FOR**
HSBC Bank USA, N.A.                           **PRELIMINARY INJUNCTION TO**

13
THE MORTGAGE LAW FIRM, PLC, as              **ENJOIN ILLEGAL FORECLOSURE**
Trustee and Agent of a Beneficiary; as agent  **SALE**

14
for Wells Fargo Bank, N.A.; DARREN J.
DEVLIN, President of of The Mortgage Law

15
Firm, PLC;                                    **POINTS AND AUTHORITIES,**
                                              **DECLARATION OF 24 HOURS NOTICE**

16
SPECIALIZED LOAN SERVICING LLC, as          **TO DEFENDANTS; DECLARATION IN**
servicer for HSBC Bank USA, National         **SUPPORT OF FAITH LYNN**

17
Association, as Trustee for the Holders of the **BRASHEAR; EXHIBITS IN SUPPORT**
Deutsche Alt-A Securities, Inc., Mortgage loan

18
Trust, Mortgage Pass-Through Certificates    **[~~PROPOSED~~] ORDER GRANTING TRO**
Series 2007 –OA4; MARK MCCLOSKEY            **AND ORDER TO ~~SHOW~~ CAUSE FOR**

19
Assistant Vice President of Specialized Loan  **PRELIMINARY ~~INJUNCTION~~ AFTER**
Servicing LLC, and All persons and entities   **HEARING.**

20
claiming any right to real property located at
1095 Lowry Ranch Road Corona, California     24 hours' Notice given: _____, 2016

21
92881 and Does 1-20, inclusively,            Date: _____, 2014
          Defendants                          Time: _____ AM/PM

22
_____              Dept. _____
                                              Filed with Verified Complaint (Rule 65, et al.)

23

24

25                                                                                    1

26
**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983**

FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th

9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD**, Plaintiff Faith Lynn Brashear, hereby

moves this Court *Ex Parte* upon 24 hour Notice as required under *Rule 65(b)(1)(A)&(B)*

*Rule 65(d)et seq; in re: U.S.C., Title 15, §79r(f) and §2924.12);* for Affirmative relief

Rule 27(a)(3)(A) and (a)(4), a Temporary Restraining Order  and Preliminary Injunction

for the purpose of issuance of a writ of mandamus [to maintain status quo], the effect

of which restrains defendants **HSBC BANK USA, NATIONAL ASSOCIATION, as Trustee**

**of the Holders of the Deutsche Alt-A Securities, Inc., Mortgage Loan Trust, Mortgage**

**Pass-Through Certificates Series 2007-OA4; CHARLES G. MEYER JR Director, HSBC**

**Bank USA, N.A. THE MORTGAGE LAW FIRM, PLC, as Trustee and Agent of a**

**Beneficiary; as agent for Wells Fargo Bank, N.A.; DARREN J. DEVLIN, President of of**

**The Mortgage Law Firm, PLC; SPECIALIZED LOAN SERVICING LLC, as servicer for HSBC**

**Bank USA, National Association, as Trustee for the Holders of the Deutsche Alt-A**

**Securities, Inc., Mortgage loan Trust, Mortgage Pass-Through Certificates Series 2007**

**–OA4; MARK MCCLOSKEY Assistant Vice President of Specialized Loan Servicing LLC,**

**and Does 1-20, inclusively,**   as foreclosing entities and trustees and **all other involved**

**defendants and each of them**, from auctioning by an improper non-judicial foreclosure

of her <u>**primary residence,**</u> a single family residence known as **1095 Lowry Ranch Road,**

**Corona, California 92881** which is facing an illegal  foreclosure auction sale with a

specific date* pending as of the filing of this action but who has received a recorded

–                                             2

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983**

FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th

9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

Notice of Default that is faulty, premature and unenforceable as a prefatory tool leading to a non-judicial foreclosure which must be stopped.

The facts will show by *extremely convincing evidence* the bank has **no reason or right to foreclose** since no foreclosing defendant has complied with the statutory requirements of state or federal laws. The provisions of the Foreclosure Protection Act of 2012 apply.

––––––––––––––––––––

### *URGENCY - SALE DATE PENDING

Plaintiff advises the court that a "SALE DATE" for the property is scheduled for **March 18, 2016**, *Exhibit H, Notice of Trustee's Sale.*

### EXHIBITS IN SUPPORT OF TRO

In support of this Application for writ of prohibition the court will find these Exhibits:

1. Deed of Trust associated with the real property

2. Grant Deed showing plaintiff's ownership

3. Non-compliant **Notice of Default** date recorded December 22, 2014, notating an Installment foreclosure NOT a mortgage foreclosure, *without* a proper **Declaration** of Due Diligence mandatory under Civil Code § 2923.5. under a 2009 TILA rescinded

---

3

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983**
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

permanently discharged synthesized CDO contract designed to undisclosed collateral upon Plaintiffs signature.    [**Declaration** of Plaintiff Faith Lynn Brashear [hereafter "Brashear"] confirms *no "contact"* was effected by the foreclosing defendant HSBC or the Mortgage Law Firm, as trustee] Moreover, under **CC § 2923.55, et al**, no contact with plaintiff was made nor notice given prior to the recordation of the operative Notice of Default. Injunctive relief is permitted under the authorities cited, specifically, **Civil Code § 2924.19**.   Further, Plaintiff is a volunteer Federal Witness of Mortgage Crimes in the Inland Empire who is bringing forth prima facia information of embedded coding within these recorded title notifications that would indicate a system in play that correlates directly back to the Securities and Exchange Commissions investigations of manipulations of the Housing Bond Market, as it pertains to the specific Mortgage Loan Trust Pass through classification REMIC I who appears to be conducting a fictitious foreclosure on behalf of a Special Purpose Vehicle who's designation under the Mortgage Loan Trust has been TERMINATED.  *See (Exhibit P)  Attestation of Termination of the the Deutsche Alt-A Securities, Inc., Mortgage loan Trust, Mortgage Pass-Through Certificates Series 22007 –OA4;*

> **1.** Any misgivings creditors may have about the technical nature of the requirements should be addressed to Congress or the Federal Reserve Board, not to the Plaintiff, and NOT the courts.

–                                                    4

COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

**2.**  The creditor's ONLY task is to take any necessary or appropriate action to reflect the fact that the security interest was automatically terminated by the rescission within 20 days of the creditor's receipt of the rescission notice (15 USC 1635(b); Reg. Z-226.15(d)(2),226.23(d)(2).

**3.**  To allow these contemptuous activities to ensue would be a violation of the 8th Amendment by the passive imposing of a 2.3M tax penalty of a forced 1099 abandonment of partnership of NON ORDINARY INCOME (not a Mortgage) which PLAINTIFF held <u>implied partnership interests</u> <u>thereto, thereunder as outlined in the Pooling and Servicing agreements,</u> <u>under an implied promise voucher within the Classification REMIC 1-</u> <u>through the Originator , Countrywide, of the Mortgage Loan Trusts</u> <u>Special Purpose securities vehicle for the credit it obtained in exchange</u> <u>for the use of Plaintiffs home in what has been positively identified as</u> <u>securities fraud.</u>

**4.**  Void per operation of law Under UCC § 3-305(b)(1)(ii)(iii); Illegality based in fraud that induced the obligor to sign the instrument with neither knowledge nor reasonable opportunity to learn of its character or its essential terms.

**5.**  Fannie Mae withheld a 1099-A from Plaintiff which in turn has damaged plaintiff, by the triggering of an IRS audit, conducted two states away without allowing Plaintiff representation upon a foreclosure conducted on

–                                                 5

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983**
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5[th,] 8th
9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

Plaintiffs Washington Property named in the Sun Trust National Settlement as FRAUDULENT.

**6.** Federal Action for injunction against the players REQUIRE them to file documents canceling the documents of record and provide judgment for damages and refunds.  PERIOD. [Emphasis added].

**7.** Since Defendants have repeatedly refused to comply with the LAW, Plaintiff demands a mediation order <u>requiring ALL</u> decision-makers to be present to move this particular issue into immediate summary and declaratory judgment INCLUDING the ALL the Certificate holders HSBC purports to represent they are acting to initiate this illegal foreclosure on behalf of <u>AND the Mortgage Loan Trust accounting records to determine WHAT reversionary interests are DUE Plaintiff for her undisclosed IMPLIED partnership participation.</u>

**8.** After the HELL Defendants have been putting Plaintiff through, <u>THEY DO NOT GET A THIRD FREE HOUSE.</u>

5.  **\*Notice of Trustee's Sale** dated 3/18/2016

**SUMMARY**

First, not only is a TRO justified, but a preliminary injunction after OSC must be granted. This application is not the typical financially distressed homeowner's last

–                                                                                      6

COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

minute disparate effort to stave off foreclosure that is justified.  This is the opposite

and brought by a financially responsible employed businesswoman, well educated, and

a student of law, who has acted responsibly and with integrity only to be rebuffed by

her lender beneficiary defendant HSBC Bank USA, National Association, as Trustee for

the Holders of the Deutsche Alt-A Securities, Inc., Mortgage loan Trust, Mortgage Pass-

Through Certificates Series 2007 –OA4 who now, without good cause, wants to illegally

auction her home who holds NO authority to do so.   Plaintiff is a Volunteer Federal

Witness of Mortgage Crimes in the Inland Empire who is being willfully, retaliated

against for the information she is attempting to bring forth.  This information will prove

very convincing that further manipulations of the US Housing Bond Markets are in fact

taking place.

   FIRST: The foreclosing parties cannot conduct a sale because they violated the

predicate requirements stated in the Civil Code, to wit: they failed to contact Brashear

prior to recording a NOD, failed to attach a conforming Declaration of contact, declared

the Note to be in "default" when  it was not and failed to follow the promises of a

Novation agreement made between the beneficiary bank, Bank of America and

Brashear on in an around June 2013, then intentionally denied the promised novation

terms existed which artificially inflated her payments making it look as though she

defaulted which she did not.  UPON a FEDERALLY DISCHARGED TILA RECINDED NOTE

– 7

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983**

FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th

9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

VOID PER OPERTATION OF LAW, made upon fabricated VOID assignments, the were

legally impossible to have made as the disclosed Lender (who was NOT acting in the

capacity of a Lender) was out of business, and the alleged signer (A BAC employee)

signed as an employee of MERS, during a time where MERS was suspended by the

Secretary of State. *Exhibit I* See *Dec. of Brashear.*

2. An TRO was awarded to Mrs Brashear under Civil Code Sections 2923.55 and

2924.12. [1] which was in turn dissolved WITHOUT due process upon pleadings

which were not of issue before the court.  Plaintiff discovered upon appeal,

that the superior court Judge, Daniel A Ottolia held a vested interest in the

outcome of her case from pre-existing and continuing benefits received by

Defendants through his wife's Real Estate License under the Real Estate

company he reports business ownership interest of over 10% of on his CA

FORM 700.   Under color of law in his capacity as a judge in the **SUPERIOR**

**COURT OF CALIFORNIA COUNTY OF RIVERSIDE – Historic Courthouse** in turn

---

[1]  Damages (Civil Code §2924.12 (Section 16))
Prior to a trustee's sale, **a borrower may bring an injunctive action** against a
mortgage servicer for a material violation of
Civil Code Sections 2923.55 (borrower outreach and declaration of contact or due diligence),
2923.6 (dual track prohibition and loan modification application denial and appeal),
 2923.7(single point of contact),
2924.9 (notice to a borrower that has not applied for a loan modification),
2924.10 (loan modification review process),
2924.11 (dual track prohibition and prohibition against application or late fees) or
2924.17 (review of foreclosure documents).

–                                          8

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983**

FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th

9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

has compromised the integrity of those courts under of U.S. Code § 242.

See Pulliam v. Allen, 466 U.S. 522 (1983).

3.  Preliminary investigations would indicate that Over 85% REO business of this vested interest stem from court cases.  The research was based upon 100 random REO listing between 2006 to current.

4.  Plaintiff is in conflict with inferior courts as both the Judge's wife and Plaintiff are on the same Board of Realtors who both work in the same town the Judge, through his wife, derives these benefits from.

5.  Plaintiff is a licensed Real Estate Broker whose professional oaths conflict with the inferior courts activities.   See Declaration's of Faith I - Judicial Misconduct - See Exhibit 911.

6.  While it is not enough to question external business affairs of a judge in and of itself, it is enough to question the action of a Jude, if you are given negative days to respond to a motion to strike issued by Defendants attorney acting on behalf of the judge, who in turn refuses to recuse under a 170.6 prejudice challenge, then dissolves a TRO upon issues not before the court, while proceeding to tell Plaintiff that their objections to this strike to Defendants objections were untimely and that in order for him to recuse himself, Plaintiff would have had to known these conflict within 30 days of

–                                          9

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983**

FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

her filing.  THESE activities ARE CONTRARY to what the LAW STATES.  Either this judge did not know the law (which would be incompetence), or, this judge ignored the law (which would be unconscionable).

7.  *BOTTTOM LINE :* **Injunction must be granted if any deficiency exists as a matter of law**.  DEFENDANTS are in conflict with BOTH State and Federal laws.

As the Exhibits and Declaration will tell, the existing statutory scheme under the *Homeowner's Bill of Rights of 2008, 2009 and 2012* protecting homeowners "**must** be followed" and no foreclosures are allowed unless the scheme is followed.  Plaintiff will present evidence that the "**shall**" language of the statute was violated grossly defeating the alleged beneficiary's right to foreclose.  FURTHER PLAINTIFF is bringing forth PRIMA FACIA evidence, of what appears to be a tax avoidance scheme that is not only being forced upon Plaintiff, but upon other victims of these contracts, were nothing more than a divestiture of the collateral it obtains.  **The Contract itself has been positively identified as a repurposed Security Deed of Conveyance synthesized to bypass the secondary market for direct collateralization.**  The contract was embedded to trigger fictitious defaults upon targeted algorithms within specific programs engineered and identified as 100% default predicate under IRS code classifications.

Plaintiff was targeted under 11 U.S. Code § 727 bankruptcy risk **PRIOR** to

–                                      10

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983**
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5[th,] 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

entering the contract, and classified under 26 U.S. Code § 61 - Gross income defined for transferable gains for a future wash out provision within the contracts embedded tracking system.

What plaintiff has been attempting to show these courts, is the **premeditation** of the mortgage crisis, **which appear to still holds an embedded future triggered event.**

1. The first sentence of 2924(a) Every transfer of an interest in property, <u>other than in trust,</u>  made only as a security for the performance of another act, is to be deemed a mortgage,

2. Other than in trust, means <u>(Mortgage Loan Trusts do not qualify as mortgages)</u> the deed of trust is neither a (i) mortgage with power of sale nor (ii) security as cited in CC 2920-2953.

It was <u>**a legal impossibility**</u> on many levels for these notices to be issued, first and foremost <u>**No mortgage existed when these notices were drafted**</u>.  Second, Plaintiff rescinded the presumption of a mortgage in 2009 under TILA, Third a BAC employed signed a self generated Deed of Trust on behalf of MERS while MERS was suspended by the Secretary of State AND <u>under OCC cease and desist</u>.   The law is abundantly on Plaintiffs side.   To resort to such levels as to actually remove a motion in its entirely from court records, is a felony.   Defendants would NOT go to this trouble if Plaintiff was not bringing forth **FEDERAL EVIDENCE** pertinent to the ongoing investigations of the Securities and Exchange Commission.

–                                                        11

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983**
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5[th,] 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

## EXTREME URGENCY AND NECESSITY FOR EX PARTE APPLICATION

This emergency application is made as a method of last recourse after no other reasonable effort by letter or telephone between plaintiff and defendants nor **available remedy at law exists** to stop this improper non-judicial foreclosure sale. [See *Declaration of Brashear* and *Points and Authorities*]

The **immediate urgency of this petition** is that if no injunction is issued by temporary restraining order and then successive preliminary injunction a grave injustice and prejudice will attach as plaintiff will lose her home to an illegal foreclosure. **As the evidence will show,** the foreclosing defendant parties have <u>violated</u> <u>multiple provision of the prerequisites embodied within the California law governing</u> <u>such acts;</u> to wit, most critically, the **Civil Code §§ 2923.5**, and 2923.55, et al. and crucial interpretive case cite, **Mabry v. Superior Court.** [2]

In short, NO FORECLOSURE is permitted without compliance, see **Mabry**, fn 1. Plaintiff will show clearly in her affidavit that clear violations occurred violating **Mabry** justifying the basis for this application; the reason –

---

[2]. (*Mabry v. Superior Court* (2010) 185 Cal.App.4th 208.)  Relevant here, the court held, " . . . If section 2923.5 is not complied with, then there is **no valid notice of default** and, without a valid notice of default, a **foreclosure sale cannot proceed**.  The available, existing remedy is found in the ability of a court in section 2924g, subdivision(c)(1)(A), to postpone the sale until there has been compliance with section 2923.5.  Reading section 2923.5 together with section 2924g, subdivision (c)(1)(A) gives section 2923.5 real effect." (*Id.* at p. 223.)

–                                                          12

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983**
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5[th,] 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

1. **No 'contact' was attempted prior to filing a Notice of Default.**

2. **Defendants are clearly in contempt.**

3. **No proper Declaration of due diligence was recorded making up the Notice of Default**, an error that cannot be ignored by this honorable court to allow foreclosure. Exhibit A & C- Notice of Default is the exact copy received from the Riverside County Recorder's Office and is an official public record under the Evidence Code as proffered. BOTH code sections suggest the same duties. §2923.5 is cited. [3] § 2923.55, is cited

---

[3] **2923.5.** (a) (1) A mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent <u>may not record a notice of default</u> pursuant to Section 2924 until both of the following:
    (A) Either 30 days after initial contact is made as required by paragraph (2)* or 30 days after satisfying the due diligence requirements as described in subdivision (e).
    *(B) The mortgage servicer complies with subdivision (a) of Section 2924.11, if the borrower has provided a complete application as defined in subdivision (f) of Section 2924.11.
        (2) A mortgage servicer **shall contact the borrower** in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure. During the initial contact, the mortgage servicer shall advise the borrower that he or she has the right to request a subsequent meeting and, if requested, the mortgage servicer shall schedule the meeting to occur within 14 days. The assessment of the borrower's financial situation and discussion of options may occur during the first contact, or at the subsequent meeting scheduled for that purpose. In either case, the borrower shall be provided the toll-free telephone number made available by the United States Department of Housing and Urban Development (HUD) to find a HUD-certified housing counseling agency. Any meeting may occur telephonically.
    (b) A notice of default recorded pursuant to Section 2924 shall include a declaration that the mortgage servicer has contacted the borrower, has tried with due diligence to contact the borrower as required by this section, or that no contact was required because the

–                                                                                     13

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983**

FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

4.  **Plaintiffs state attorney was given assurances that there would not be foreclosure attempts until the case was heard.**

5.  **Contact was NOT made in a timely manner in accordance to 2923.5.  (a) (e) (2) or(4)  nor did the servicer posted a predominant link in compliance with 2923.5.  (a) (e) (5) (A-H) located at** <u>www.SLS.net</u>.

6.  **A Declaration of due diligence was recorded making up the Notice of Default without actual attempts to contact Plaintiff who had to go through the CFPB to engage contact**, these errors cannot be ignored by this honorable court to allow foreclosure. AT NO TIME were financial options presented to Plaintiff.

### Summary

7.  The court is directed to *<u>Verified Complaint</u>* co-filed herein for supportive allegations.

8.  The content of the allegations elucidates precisely the players and the roles and facts surrounding the recent events.  In summary, the following is alleged:

---

individual did not meet the definition of "borrower" pursuant to subdivision (c) of Section 2920.5.

–                                                                                14

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983**
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5[th,] 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

9. It has been discovered that the Original COUNTRYWIDE BANK contract was never funded, in turn the contract was refinanced by COUNTRYWIDE BANK, FSB 5/14/2007 under the presumption of a mortgage through the participation in a REMIC conduit Trust as its originator.

10. Legally, the basis for the foreclosure TRO and OSC re: injunction is an admixture of strictly construed foreclosure law violations by the defendants. The factual reasons which at the end of the day must result in enjoining of the foreclosure under currently applicable laws cited herein.

11. In short, the evidence, *vis.,* Declaration of Faith Lynn Brashear and Exhibits appended, will show that there **HAS BEEN NO COMPLIANCE** with the test of **CC § 2923.5 or §2923.55** (as interpreted by *Mabry* v. Superior Court.) Foreclosure is a **drastic remedy** and cannot be allowed without **very strict compliance**.

12. Given the facts there is a **high probability plaintiff will prevail** on the claims to enjoin this foreclosure as there is now an **imminent threat of loss of a unique asset** [her home] and there is **no means at law to prevent against this loss outside of issuance of a writ of mandate** enjoining sale.

**This Ex-Parte Application** is based on facts asserted in this Motion, Declaration 24 Hours' Notice to Defendants, Declaration of Plaintiff, Points and Authorities, Exhibits,

– 15

COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5[th,] 8th
9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

supporting both the TRO and Preliminary Injunctive relief sought, other assertions, allegations and facts presented well in the co-filed *Verified Complaint* herein seeking *inter alia*, the requested writ of prohibition and OSC re preliminary injunction thereafter.

Irreparable harm and economic damage will occur by loss of a unique asset [See P&A] will occur without the stay order being immediately issued.

Dated:_____

_____

Faith Lynn Brashear, in pro se

1. <u>**Plaintiff case evidences that tampering with a federal witness attempting to bring forth information to assist in the investigations of potential violations of provisions under U.S.C., Title 15, §79r(f) (Securities and Exchange Commission).**</u>

2. <u>**These courts hold Article III Constitutional authority under Rule 65(b)(1)(A)&(B) Rule 65(d) to extend a TRO to Plaintiff under these circumstances.**</u>

**Points and Authorities that Supported wrongfully dissolved TRO**

–                                              16

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983**

FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5[th,] 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

Citing in large part *Code of Civil Procedure §§525-529*, et al. delineated within *Witkin*, as follows examining first, *the statutory and governing statutes* then, *the procedural requirements* , then the *OSC and Preliminary Injunctive Order of Ex Parte Application, infra.*

I.  (a) **Statutory Framework**.

(1) [§289] Conditions.

(1) Governing Statutes. The current statutory scheme governing injunctions was originally enacted in 1872. Preventive relief is granted by injunction, provisional or final (see C.C. 3420 et seq.). (C.C. 3420.) Provisional injunctions are governed by the Code of Civil Procedure (see C.C.P. 525 et seq.). (C.C. 3421.)


(2) **Permanent and Preliminary Injunctions**. A permanent injunction may be granted under any of the following circumstances, and an injunction may be granted as a provisional remedy under the same conditions:

(a) **Pecuniary compensation would be inadequate**. (C.C. 3422(1); C.C.P. 526(a)(4); see infra, §294.)

(b) **The proper pecuniary compensation would be extremely difficult to ascertain**. (C.C. 3422(2); C.C.P. 526(a)(5); see infra, §294.)

–                                                          17

V1.6-8

(c) **The injunction is necessary to prevent multiple judicial proceedings**.

(C.C. 3422(3); C.C.P. 526(a)(6); see infra, §296.)

(d) **The obligation arises from a trust**. (C.C. 3422(4); C.C.P. 526(a)(7); see

infra, §309.)

(3) Preliminary Injunctions. An injunction may be granted as a provisional

remedy under these additional conditions:

(a) The complaint shows that the plaintiff is entitled to the requested relief, and

that relief consists in restraining the act complained of. (C.C.P. 526(a)(1).)

(b) The complaint or affidavits show that the commission or **continuance of an**

**act** during the litigation would cause **waste, or great or irreparable injury, to a**

**party**. (C.C.P. 526(a)(2); see infra, §295.)

(c) During the action it appears that a party is doing or about to do, threatening,

procuring, **or allowing an act that violates the rights of another party**

**regarding the subject of the action**, and that tends to render the judgment

ineffective. (C.C.P. 526(a)(3); see infra, §§297, 298.) [4]

Citing Witkin:

**II. Procedure for Obtaining Provisional Remedy**.

---

[4]  CALIFORNIA PROCEDURE 5TH\VI Provisional Remedies\IV. INJUNCTION\B. Right to Injunction.\1. Factors
Determining Right.\(a) Statutory Framework.\(1) [§289] Conditions. [6 Witkin, Cal. Procedure (5th ed., 2008)
Provisional Remedies, §289, p.229.]

–                                                                     18

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983**

FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th

9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

## 1. Temporary Restraining Order

(a) [§363] Ex Parte Issuance.

(1) Verified Complaint or Affidavits. A temporary restraining order may not be granted without notice to the opposing party, unless it appears from facts shown by affidavit or by the verified complaint that <u>great or irreparable injury</u> will result to the applicant before the matter can be heard on notice. (C.C.P. 527(c)(1); see Brewster v. Southern Pac. Trans. Co. (1991) 235 C.A.3d 701, 714, 1 C.R.2d 89 [failure to notify defendant without adequate grounds for lack of notice rendered application meritless].) Under this provision, a temporary restraining order <u>may be issued ex parte</u>, in the judge's discretion, <u>if the verified complaint or affidavit makes a showing that irreparable injury would result *before* the hearing on a preliminary injunction could be had.</u> For this purpose, a ``complaint'' includes a cross-complaint. (C.C.P. 527(h)(1).) (See C.J.E.R., Judges Benchbook, Civil Proceedings: Before Trial 2d, §14.17 et seq.;

(2) Notice to Party. The applicant or the applicant's attorney must certify, under oath, one of the following:

–                                              19

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983**
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5[th,] 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

(a) Within a reasonable time prior to the application the applicant informed the opposing party or the party's attorney of the time and place the application would be made. (C.C.P. 527(c)(2)(A).)

(b) The applicant in good faith attempted to inform the opposing party or the party's attorney of the time and place the application would be made, but was unable to do so, specifying the efforts made. (C.C.P. 527(c)(2)(B).)

(c) For reasons specified the applicant should not be required to inform the opposing party or the opposing party's attorney of the time and place the application would be made. (C.C.P. 527(c)(2)(C).)

(3)  Reserved.

(4) Summary Seizure of Property. In Skinner v. Superior Court (1977) 69 C.A.3d 183, 188, 189, 137 C.R. 851, 7 Summary (10th), Constitutional Law, §656, temporary restraining orders issued ex parte, which authorized seizure of defendants' allegedly obscene films and other personal property, were held void as a denial of due process and a deprivation of Fourth Amendment rights.[*pg.315]  {Here, seizure of real property as a "unique asset" must be considered.

**III. Order To Show Cause and Restraining Order.**

–                                                    20

COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983

FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5[th,] 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

(1) In General. The matter must be made returnable on an order requiring that cause be shown why a preliminary injunction should not be granted. (C.C.P. 527(d)(1).) Thus, there are actually two orders, a restraining order effective at once and an order to show cause why a preliminary injunction should not be granted. However, both orders are usually included in one document. (See Biasca v. Superior Court (1924) 194 C. 366, 228 P. 861.)

Applications for temporary restraining orders and preliminary injunctions (see infra, §368) are governed by C.R.C., Rule 3.1150:

(2) Form of Temporary Restraining Order (TRO) and Order To Show Cause (OSC). The TRO and OSC must be stated separately, OSC first. The restraining language must be separately stated in both the OSC and the TRO. The OSC must describe the injunction to be sought at the hearing, and the TRO must describe the activities to be enjoined pending the hearing. A proposed OSC must contain blanks for the time and manner of service on responding parties, the date on which the proof of service must be delivered to the court hearing the OSC, a briefing schedule, and, if applicable, the expiration date of the TRO. (C.R.C., Rule 3.1150(c).) The applicant should prepare a form of each order. (See Cal. Civil Practice, 2A Procedure, §16:137 et seq.; C.E.B., 2 Civil Proc. Before Trial 4th, §32.46; 14A Am.Jur. P.P. Forms (2002 ed.), Injunctions, §§37, 56

–

21

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983**

FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

et seq.; on orders in domestic relations cases, see C.R.C., Rule 5.118; 11 Summary

(10th), Husband and Wife, §87.) These papers are presented to the judge for signature.

(3) Filing of Complaint. If the action is initiated the same day a TRO or an OSC is

sought, the complaint must be filed first. (C.R.C., Rule 3.1150(b).)

(4) Availability of File at Hearing. If an application for a TRO or an OSC is made in

an existing case, the moving party must request that the court file be made available to

the judge hearing the application. (C.R.C., Rule 3.1150(b).)

(5) Attendance at Hearing. A TRO will not be granted unless the moving party or

counsel is personally present when the request for a TRO is made. (C.R.C., Rule

3.1150(d).)

(6) Statement of Previous Applications. An application for a TRO or an OSC must

state the fact and result of any previous application for similar relief. (C.R.C., Rule

3.1150(e).)[*pg.316]

(7)  Effect of Order. The issuance of the temporary restraining order does not

determine the merits of the controversy. The order merely maintains the status quo

until the hearing on the application for the preliminary injunction. (Landmark Holding

Group v. Superior Court (1987) 193 C.A.3d 525, 529, 238 C.R. 475.) [5]

---

[5]  CALIFORNIA PROCEDURE 5TH\VI Provisional Remedies\IV. INJUNCTION\C. Procedure for Obtaining Provisional Remedy.\1. Temporary Restraining Order.\(a) [§363] Ex Parte Issuance. [6 Witkin, Cal. Procedure (5th ed., 2008) Provisional Remedies, §363, Factors Determining Right

–                                                          22

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983**

FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5[th,] 8th

9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

**Additional Authorities:   FAULTY NOTICES OF DEFAULT DEFEAT FORECLOSURE**

In line with injunctive protocol is *In Castillo v. Skoba, Vice President of Aurora*

*Loan Services*, LLC2010 WL 3986953 (N.D.Cal., November 30, 2010), the United States

District Court in San Diego held (in granting an injunction to halt a foreclosure sale):

"The Court also concludes that Plaintiff is likely to succeed on the merits of her

claim that **neither Aurora nor Cal-Western had authority to initiate the foreclosure**

**sale at the time the Notice of Default was recorded.**  Under Cal. Civ.Code § 2924(a)(1),

"the trustee, mortgagee, or beneficiary, or any of their authorized agents" are

authorized to file a notice of default. Documents do not support a finding that either

Cal-Western **was the trustee** or Aurora **was the beneficiary** on May 20, 2010 when the

Notice of Default was recorded. [Case decided well prior [2010] to the *Foreclosure*

*Prevention Act* [see Fn 1, *supra*] which adds multiple additional requirements of

"standing" in non-judicial foreclosures occurring after January 1, 2013.]

On a document dated May 17, 2010, MERS substituted Cal-Western as a trustee

under the deed of trust. (Exh. 4) If Cal-Western had been trustee at this time, it would

have had authority to conduct the foreclosure process. See Cal. Civ.Code § 2924(a)(1).

—                                              23

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983**

FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5[th,] 8th

9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

However, this document was notarized on June 7, 2010, (id.), and thus it appears likely that Plaintiff can succeed on a claim that the substitution occurred no earlier than June 7.

**The power of sale in a non-judicial foreclosure may only be exercised when a proper notice of default has first been recorded.** See Cal Civ Code § 2924; see also 5-123 *California Real Estate Law & Practice* § 123.01. **In Castillo, the Notice of Default appears to be void ab initio. Therefore, any foreclosure sale based on a void notice of default is also void.** Accordingly, the Court GRANTS Plaintiff's motion and enjoins a foreclosure sale based on Defendants' noncompliance with prerequisites to engage in a foreclosure sale set forth in Cal. Civ.Code § 2924."

### FAULTY NOTICE OF DEFAULT

1.       CODE OF CIVIL PROCEDURE SECTION 697.510- 697.670 concerning 697.510. (a) A judgment lien on personal property described in Section 697.530 is created by filing a notice of judgment lien in the office of the Secretary of State pursuant to this article.

2.   In re: Verbiage upon the 2012 Notice of Default.  *(Exhibit A)*

That a breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of : FAILURE TO PAY THE INSTALLMENT OF PRINCIPAL AND INTEREST  WHICH BECAME DUE ON 06/01/2008  AND ALL SUBSEQUENT INSTALLMENTS OF PRINCIPAL AND INTEREST, TOGETHER WITH ALL LATE CHARGES; PLUS ADVANCES MADE AND COSTS INCURRED BY THE BENEFICIARY INCLUDING FORECLOSURE FEES AND COSTS AND/OR ATTORNEYS FEES.  IN ADDITION,  THE ENTIRE PRINCIPAL AMOUNT WILL BECOME DUE ON  06/01/2037 AS A RESULT OF THE MATURITY OF THE OBLIGATION ON THAT DATE.

24

C(

FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

3. Except as provided in subdivision (b) of Section 697.540, <u>A JUDGMENT LIEN MAY NOT BE CREATED UNDER THIS ARTICLE IF THE MONEY JUDGMENT IS PAYABLE IN INSTALLMENTS UNLESS ALL OF THE INSTALLMENTS ARE DUE.</u>

4. In re: The verbiage was Corrected upon the 2014 Notice of Default. The corrected installment reflected $660,602.59 *(Exhibit B)*

has not been made of:

**THE INSTALLMENT OF PRINCIPAL AND INTEREST WHICH BECAME DUE 06/01/2008, TOGETHER WITH ALL LATE CHARGES, ADVANCES, INTEREST, INSURANCE, TAXES AND ASSESSMENTS, IF APPLICABLE.**

That by reason thereof, the present beneficiary under such Deed of Trust has deposited with said duly

5. It was not until 2014 that revealed evidence of an un-disclosed TILA and RESPA hidden interest charge falling within a 99.1% accuracy (predicted in 2009) of the same value of the installment listed upon the Notice of Default (herein NOD) called due in 2008 upon a corrected Notice of Default in 2014.

6. In re: The 2009 Forensics audits that Plaintiff repeatedly sent to Countrywide, Bank of America and BAC Financing along with her TILA recessions.

**FEDERAL TRUTH-IN-LENDING DISCLOSURE STATEMENT FINDINGS:**

1. The "APR", Annual Percentage Rate is deceptively and fraudulently understated by 1.489%

2. The "Finance Charge" and "The Total of Payments" are deceptively and fraudulently understated by $662,502.47.

3. In the Area titled "Your Payment Schedule Will Be" the payments are deceptively and fraudulently disclosed as:

| | | |
|---|---|---|
| 12 | Payments of | $4824.59 |
| 12 | Payments of | $5186.43 |
| 12 | Payments of | $5575.41 |
| 3 | Payments of | $5993.57 |
| 320 | Payments of | $13,461.08 |
| 1 | Payments of | $13,463.07 |

On the Truth in Lending Disclosures under the Sections titled "Your Payment Schedule Will Be", for the payments to be accurate as stated in the Adjustable Rate Note and Rider the payments should have been disclosed as:

| | | |
|---|---|---|
| 1 | Payments of | $4824.59 |
| 11 | Payments of | $4824.59 |
| 12 | Payments of | $5186.43 |
| 12 | Payments of | $5575.41 |
| 260 | Payments of | $15,218.93 |
| 71 | Payments of | $15,218.88 |
| 1 | Payments of | $15,219.01 |

–                                                                                    25

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983**
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

7. Congress enacted the Home Ownership and Equity Protection Act of 1994, to address predatory lending practices.

8. The original law by Congress to monitor the Banking industry was the Banking Act enacted by the 14th Congress of the United States in 1815-1817.

9. The above verbiage corrections were a mandated change at California Secretary of State level to specifically address specific verbiage upon Banking Industries title recordings.

10. Plaintiff moves this Courts to hold Defendants for a clearer definition between a mortgage foreclosure and an installment foreclosure.

---

### PRAYER FOR RELIEF BY TRO

1. HSBC BANK USA, NATIONAL ASSOCIATION, as Trustee of the Holders of the Deutsche Alt-A Securities, Inc., Mortgage Loan Trust, Mortgage Pass-Through Certificates Series 2007-OA4; CHARLES G. MEYER JR Director, HSBC Bank USA, N.A. THE MORTGAGE LAW FIRM, PLC, as Trustee and Agent of a Beneficiary; as agent for Wells Fargo Bank, N.A.; DARREN J. DEVLIN, President of of The Mortgage Law Firm, PLC;  SPECIALIZED LOAN SERVICING LLC, as servicer for HSBC Bank USA, National Association, as Trustee for the Holders of the Deutsche Alt-A Securities, Inc., Mortgage loan Trust, Mortgage Pass-Through

‒                                              26

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983**
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

Certificates Series 2007 –OA4; MARK MCCLOSKEY Assistant Vice President of

Specialized Loan Servicing LLC,, and All persons and entities claiming any right

to real property located at **1095 Lowry Ranch Road Corona, California 92881**

and Does 1-20, inclusively; and all acting on their behalf be ENJOINED from

taking any foreclosure actions  pending hearing on this matter by way of OSC re:

Preliminary Injunction  or until further order of this court;

      2.   That **Service of Process** upon the defendants named in ¶ 1of the

above prayer and all individuals and entities with knowledge of this Order and all

trustees and any successors in interest with knowledge  of this Order, TRO

Applications, Summons and Complaint shall be **completed** by no later than the

date ORDERED.

3. **Proof of Services** of the Order after Hearing and all filed documents including

Summons and Complaint shall be **filed** in this department no later than as ORDERED.

4. Should any defendant wish to appear and be heard, they shall file their

**Opposition** and serve all parties not later than as ORDERED, by hand delivery or fax

service is permitted.

5. Should any **Reply** be desired, such shall be filed by as ORDERED.

6. **Reply** shall be hand delivered or by fax.

7. Order after Hearing to be served not later than as ORDERED.

                                      –                       27

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983**
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5[th,] 8th
9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

8. **OSC** to Issue upon submission of the proposed Order.

9. That discovery be permitted on shortened time, with any depositions being allowed on 3 days notice by fax or personal delivery to establish good cause for any relief at the OSC re Preliminary Injunction.

Dated: _3-15-16_

Respectfully submitted,

Faith Lynn Brashear, in pro se

FACTS MUST BE ADOPTED TO BRASHEAR'S CASE SPECIFIC DETAILS****

**Declaration of Faith Lynn Brashear Plaintiff**

**in Support of the Ex Parte Application et al.**

1. I am Faith Lynn Brashear, plaintiff, and make this declaration under oath as though testifying as a witness in court. I am familiar with the content of the verified complaint and its meaning.  I am familiar with the Exhibits and assert

COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983

FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5[th,] 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

they are true and correct copies of originals or copies in my possession and understand as a lay person of their importance.

2. I hereby incorporate the paragraphs of my Verified Complaint as though fully set forth by reference. My Exhibits supporting this TRO application of which I have knowledge of the existence and correctness of each, include, the Note, the Deed of Trust, the Assignment of Trustee, the Notice of Default, the Notice of Trustee's Sale. The property in question is real property which is my PRIMARY RESIDENCE. My Note was incepted in 2006 and refinanced in 2007, within the time constraints of the *Perata Act,* being after January 1, 2004.

A. The basis for this TRO is recited above and confirmed herein below:

1. The Note was not in default at the time of the illegal recording on 12/22/2014, Exhibit C, of the **Notice of Default** recorded by trustee HSBC

2. The provisions of the *Perata* 2008 and *Foreclosure Protection Act* of 2013 were obviously violated especially Civil Code Section 2923.5, 2925.55 as there was <u>no "contact"</u> with me to work out any foreclosure alternative, NOR did the Notice of Default contain any Declaration of due diligence signed by any person with personal knowledge of its content. There has NOT been any pre-

–

29

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983**
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

recordation compliance with CC§ 2923.55. [6]  Under **Mabry v. Sup. Ct.**, no

foreclosure is permitted and may be statutorily <u>enjoined</u> under existing statutes,

cited, *infra*.  Further it has been conveyed to Plaintiff the there is no record of

Bank of America (the past servicer) transferring this loan to Defendant

Specialized Loan Servicing, as they were under a FEDERAL BAN not to transfer

Countrywide Loans.   Bank of America still claimed to be servicing this loan a

year after Specialized Loan Servicing claims they received, as it was the cause of

great confusion by my last attorney whom I retained to withdraw my state

complaint in order for him to re-draft to allow me proper representation.  The

**<u>request to have an attorney take over my case, was denied by the courts.</u>**


### STATEMENT OF DAMAGES

2.  As stated above, I am personally familiar with the following facts:  I was the

victim of timed transfers and exchange mechanisms embedded within synthesized

contracts specifically designed to trigger contractual defaults that played an instrumental

---

[6]       Under the *Civil Code 2923.5(b)* and the newly enacted **CC § 2923.55(b)(1)**, now in effect, stating, "... <u>before a mortgage servicer, as broadly defined, may even "record" a notice of default</u>, the mortgage servicer must, in addition to any already existing contact or notice requirements, send to the borrower: ... a written statement that the borrower may request a copy of the promissory note, deed of trust or mortgage, any assignment of the mortgage or deed of trust, and the borrower's payment history since the borrower was last less than 60 days past due. (Civil Code §2923.55(b)(1).) [see Fn 1, *Mabry v Superior Court*].

30

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983**
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5[th,] 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

part in the Great Mortgage Crises.    A Tandem funding through NET ADVANCE against the collateral used to facilitate a synthesized mortgage for the use of a basis for the collateral it obtained, of $1,500,000 was made upon my signature on or about May 3rd, 2007.   A true lender was not disclosed to me.   I was deceptively and fraudulently induced under implied COVENANTS that I held a partnership with Defendant HSBC as trustee for the Classification REMIC I under whom Countrywide originated on behalf of, without my knowledge or consent.

***Exhibit U*** In re: My wholesale Mortgage Broker Agreement with Countrywide, deceptively and intent fully stated, that I as a "Broker" would be packaging Mortgage Loans.  Under this agreement provisions for repurchasing the loan under section 7.2 where upon I alleged the frauds to Countrywide and requested a repurchase of loan the Bank of America acquisition of my loan during the transfer as a means to settle the TILA and RESPA issues.   This request was ignored, along with my 2009 TILA recession, which would have indemnified Countrywide at the time.   There is no mention of Countrywide acting as an originator on behalf of a Classification REMIC I under a Mortgage Loan Trust in exchange for collateral it obtained.

–                                          31

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983**

FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

## ARTICLE 6
## WARRANTIES AND REPRESENTATIONS OF BROKER

6.1 **Warranties and Representations Regarding the Broker**. Broker represents, warrants and covenants to Countrywide that, with respect to itself, including each office or branch operated by Broker and any third party originating Loans under Broker's license to originate mortgage loans ("Loan Originators") and the Loans, the following are true and correct as of the date hereof and shall remain true and correct during the term of this Agreement:

This is an  immediate breach of fiduciary in violation of CA Code section 2923.1 (a) "mortgage brokers" were breaching their fiduciary to consumers upon inception of these loans. Countrywide, inappropriately granted me the privileged as a tool of the industry to perpetuate illegal activities via the Mortgage Electric Registration System as a nominee of Countrywide, (MER's in uniform with Fannie Mae and Freddie Mac on every DEED OF TRUST MER's Corp witnessed) as further outline in my wholesale mortgage broker agreement, NOT TO OFFER MORTGAGES, but INSTEAED  to offer out UN BACKED Mortgage Backed Securities, by the use of the consumer signatures of that their properties were broken down into certificates offered under a Rigged Libor index to both national and international investors. Thus making me DIRECT proximity to these crimes.

Monthly optional payments of aprox. $4800 (below rate at 1%) aprox. $9800 (under disclosed par fluctuating rate) $11,150 (P&I rate) were extorted from me, which in turn held a pre-mediated default trigger upon reaching a specific dollar amount which was

—                                                                                        32

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983**
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5[th,] 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

not disclosed to me as an "installment" loan upon a secondarily implied contract which was satisfied upon inception from the collateral it obtained.   I was further granted privilege to broker said contract to myself through Countrywide, from an undisclosed lending source under the presumption of a Mortgage.   I continue to have an interest in the property by reason of the grant deed superior as legal owner, for valuable consideration *see Exhibit K*

   3.   Factually, the original "lender" Countrywide was the originator of the REMIC pass-through conduit Trust to wit defendant HSBC is the trustee on behalf of the terminated Classification REMIC I where the loan was pooled within.  Neither Countrywide the "servicer" nor the non-assigned trustee The Mortgage Law Firm has a basis for foreclosing since the alleged Note is <u>not in default as the terms and conditions of the Note have been satisfied based on the Note's true terms which I have complied with while the payment period was not in dispute.   HSBC is now attempting to foreclose upon an installment loan I was not privy to.</u>

   4.   A good faith dispute has existed for nearly 8 years concerning the payment terms of the note, and its alteration by the defendant lender affecting the sums due and paid but <u>not properly credited</u>.  Defendants have repeatedly acted to obstruct, obscure, defeat, tamper and BRIBE justice from ensuing.  On top of these attempted deceit, I was <u>under credited by escrow at closing</u> by nearly **$22,083** receiving none of

                                                                                                                                  33

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983**
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

the full sum I was told would be refunded from escrow and interest overpayments I made, and in truth was NEVER funded a mortgage loan. This **first miscalculation** of over a full percentage of interest rate miscalculations lead to a default being claimed by the foreclosing party Recon Trust, named trustee upon the promissory note.   This discovery of misidentified and illegally retained funds by the loan originator Countrywide, is CRITICAL.

    4a.  The **second miscalculation** I discovered involved a promise to give me a pre-default novation lowering the monthly payments under the presumption of a Mortgage Note from the old original P&I payment of $9500 downward by a total under a significant principle reduction HAMP that would enable the same payment as the pre-qualification of $3282.86 as documented in the Original *Complaint*.  2% at Hamp limits. $729,750 over 40 years is $2,210 plus taxes and insurance $1350 = $3560. – Expanded approvals were allowed to 35% meaning qualifying income would have been up to $3,646. *See CA 2010 assurances for significant loan reductions on Jumbo pay option arms.*  Further this property was within a community under Federal investigation for falsely inflating the values for the purpose of abandoning the property. "pumping and dumping"  *See Exhibit L property value history.*   It involves my discovery of the failure of the lender to credit sums paid at the closing of escrow and the failure to comply with

–                                                                                       34

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983**
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

the promise of a novated [as lawyers call it] note which at the time of this agreement the note was current.

5. The combination of discounts I was errantly denied totaled <u>12 months at $1,840  of overpayments due me at escrow's closing which would have reduced my monthly payment and loan balance significantly upon the refinance.</u>  The APR Annual Percentage rate was deceptively and fraudulently understated by 1.48% and the Finance Charges for the total payments of the loan were fraudulently understated by $662,502.47.  Thus my payment schedule did not include proper credits and set offs entitled under the Notes and the master servicers promised novation of significant principle reductions to our CA Attorney General .  This fictitious loan was rescinded upon discovery of these Til and Respa violations in 2009 to whit Countrywide/ Bank of America had 21 days to correct these errors and failed to do so.  The total errors I assert were made in 2009 total over $662,502.47.

If this fictitious loan was an actual substance for substance mortgage loan the I estimate that should have been <u>credited to a mortgage loan  loan</u> over the period from 2007 to 2015 would have been $176,640 based off these 2009 assertions.  Instead it would appear that $660,602.59 has been erroneously recorded as the default amount as of 12/20/2014.  Further since a prior rescission of Trustee Sale exists on title on 5/23/2014 *Exhibit B-* 7 months before the wrongful filing of the NOD on 12/22/2014

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983**
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5[th,] 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

that effectively wiped out the previous claims of $362,047.61, it would call into

question how the new NOD could have legally reached a default of $660,602.59 in just

7 months time that seemingly falls in line with the estimate of TILA errors calculated

back in 2009 of $662,502.47 in under-disclosed finance charges against a deliberately

overvalued property issued upon an INSTALEMENT NOTE and NOT a Mortgage Note.

The appraisal to the property was falsely inflated to $2,000,000 when the

assessed value of the property showed a value of in 2007 at $1,532,009 down to

$1,246,000 in 2008 months apart. *Exhibit L.* This is evidence of an over inflated value

range between $467,991 to $754,000 during a downward market.  This appraisal was

done by an internal appraisal source.   In a normal declining market, it is typical to see

drops of 3%-5% sometimes 10% over the course of a year. This is evidence of a 37.7%

value drop in the course of several months which support Plaintiffs claims of the

property being used within a "pump and dump" community. This would also mean that

the finance charges were based upon a fraudulent value of the property.

The 8.375% disclosed upon the Adjustable Rate Rider to the Purchase contract

would put a 30 year payment at $11,401.08 at par based upon the $1,500,000 75%ltv.

At the 2007 valuation a 75%ltv payment would be based of a $1,150,000 mortgage loan

making that payment at that rate $8,740.83.  At the 2008 valuation a 75%ltv payment

would be based off a $934,500 at that rates would be $7,102.87.   Making additional

36

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983**
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th
9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

overpayments against a fraudulently inflated property between $2,660.25 - $4,298.21

for a total of 12 months of overpayments between $31,923.00 - $51,578.52.  Over the

course of 30 year, this sum equals an additional $957,690.00 - $1,547.355.60 of under

disclosed finance charges.

Taking this one step further adding the original discovered under disclosed

finance charges of $662,502.47 and adding it to these figures, you now get.

$1,620,192.47-  $2,209,858.07 of undisclosed overcharged finance charges of the total

payments through the life a fictitious loan.  This works out to an underlying Interest

rate roughly between 14.5% to 16.25%.  Plaintiff asserts this is masked usury.

6.    Plaintiff asserts that there was also wrongfully charged the sum of about

$18,000 in forced placed insurance in which Bank of America fraudulent claimed my

"homeowner's insurance" had been cancelled and Specialized Loan Servicing again

replaced. In fact, it was in full force and effect at the time and canceled on behalf of the

bank. This too was part of the miscalculations rendering this fictitious loan, being

defaulted wrongly.

7.    When letters were sent **disputing this issue**, no response at any time was

forthcoming, nor has any been forthcoming to date. This dispute has not been resolved

or mediated by the lender although I have stood ready to negotiate a resolution

_                                          37

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983**
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5[th,] 8th
9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

through multiple redress attempts. I can say with full certainty that all of the lawful

sums due prior to the dispute have in fact been <u>tendered.</u>

    8. The two fundamental bases for the foreclosure TRO and OSC re: injunction

are stated above, A. factually I was not in default under any construction of this

fictitious loan and, B. the foreclosing defendants did NOT follow the code and no

foreclosure is allowed.   Plaintiff hold documented proof the terms of the borrowers

COVENENTS contract were met.

    9. FIRST, as of this date <u>no "contact" including as required under the provisions</u>

<u>of Civil Code section 2923.5 or 2923.55, et al., I cited under *footnotes*, and *Points and*</u>

<u>*Authorities*, i.e., there has been no due diligent "contact" received by me in any</u>

<u>manner to try to work out any alleged default deficiency or foreclosure alternative as</u>

<u>spelled out in the code mentioned.</u>

    10.   SECOND, defendant foreclosing bank has violated the provisions of

2923.55(b)(1) by illegally recording a notice of default <u>**prior to** making the contact</u>

required under other provisions of this same code. [See Points and Authorities] This is

an illegal act. Moreover, because no contact was made and I was <u>denied any</u>

<u>opportunity to apply for a modification and to review my loan documents,</u> to which I

am statutorily entitled. This too, is illegal.

38

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983**

FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th

9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

10a. **Several parts of the 2013 statutes are in play that were violated**. In support, I cited: Damages (Civil Code §2924.19): Damages (Civil Code §2924.12 (Section 16)) "Prior to a trustee's sale, a borrower may bring an injunctive action against a mortgage servicer for a material violation of Civil Code Sections 2923.55 (borrower outreach and declaration of contact or due diligence), 2923.6 (dual track prohibition and loan modification application denial and appeal)(by prior servicer), 2923.7 (single point of contact), 2924.9 (notice to a borrower that has not applied for a loan modification), 2924.10 (loan modification review process), 2924.11 (dual track prohibition and prohibition against application or late fees) or 2924.17 (review of foreclosure documents). You cannot modify a loan that cannot, did not , and does not legally exist, so I attempted to NOVATE

11. I have lived at the same address since purchasing the subject property in 2006 with the exception of a interim relocation to WA from 2009-2012 to address my husbands cancer treatments, at no times did I relinquish ownership of this property and my mail is received thereat at all times. There is no reason for the lack of contact prior to recordation of a NOD or lack of offer of modification or denial of the right to modification.

12. ¶ 11, above shows a clear violation of  CC § 2923.55(b) **failure to contact the borrower, me, and secondly,  failure to include in the recorded Notice of Default any**

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983**
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

**Declaration of due diligence authored by someone with personal knowledge of the facts as required under that law and the** *Mabry* **case, I cited, above.** In addition, I allege further that:

a. The **NOTE payments are not factually nor provably late**, thus the NOD is *premature* and defective as a matter of law;

b. No required **notices of default** under the Civil Code have been properly given, sent or mailed the owner Trust, [even if the Note, arguably, was to be show to be in default] including the Notice of Default and those notices required under *Fn 1* to this application already cited to this court.

c. The original lender's successor in interest defendant HSBC and its servicer SLS and trustee The Mortgage Law firm who is claiming the right to foreclose, none of whom has either "contacted the borrower" as CC § 2923.55 requires, nor attached any "declaration" also as required. Nor has the advisory information about "contact" with the borrower and providing a "written statement that borrower may request a copy of certain documents [see para 10, infra, in violation of CC § 2923.55(b)(1) discussed in ¶8, below.  The language of the two statutes is couched in "shall" language. *Mabry* and *Castillo* supports this direct consequence that the <u>foreclosure cannot proceed.</u>

–                                                                        40

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983**
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5[th,] 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

13. To respectfully repeat, Defendants have violated a critical requirement

[among several]:

Under the *Civil Code 2923.5(b)* and the newly enacted in 2013 **CC §ª**

**2923.55(b)(1),** now in effect, stating, "... <u>**before a mortgage servicer, as broadly**</u>

<u>**defined, may even "record" a notice of default**</u>, the mortgage servicer must, in

addition to any already existing contact or notice requirements, send to the

borrower: ... a written statement that the borrower may request a copy of the

promissory note, deed of trust or mortgage, any assignment of the mortgage or deed

of trust, and the borrower's payment history since the borrower was last less than 60

days past due. (Civil Code §2923.55(b)(1).) [see Fn 1, *Mabry v Superior Court*]. **This was**

**never done** by their agents or assigns or any other entity concerning the Trust's

property.  I have received nothing of contact prior to the recordation of the Notice of

Default recorded in 2014 by mail which I would have received at my residence address

at which I have been residing as my PRIMARY RESIDENCE as outlined herein, nor

received any phone call to my home phone number 951-268-4042 which I have had

continuously since 2012 from any lender, loan servicer, trustee or agent of any to date.

14. Due to the urgency of this TRO application, I am unable to obtain any other

documents than those presented.  Please let the TRO and preliminary injunction issue

forthwith as required by law.  I have already lost two houses from bank frauds with no

–                                              41

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983**

FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th

9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

relief; this is our home.  We hand painted murals of Unicorns and Princess castles in a room with clouds for our daughter, it is most endearing and would devastate us.  Your Honor seven years is long enough to seek a compromise for restructure. The banks have no intention of honoring state or federal assurances and I have shown these courts numerous times their outright contempt of the law.  Defendants have not suffered any financial loss from this loan and would suffer no injury by this TRO, while I would suffer unjustly should it not be granted.  Defendants and the TRUST are not beneficiaries under the DOT. Defendants have no right to declare a default and no right to attempt to consummate a foreclosure, as described Infra.  These contracts were not equitable at any level, I deserve relief from these dirty deeds.


I declare under penalty of perjury the foregoing is true and correct. Signed in Riverside County, California on March 15, 2015.



Faith Lynn Brashear, Plaintiff –

Declarant




Verification of Complaint by Plaintiff


–                                    42

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983**

FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

I, Faith Lynn Brashear, am the plaintiff in this action and have read the content of the facts as alleged herein and verify under penalty of perjury that the foregoing facts, apart from any arguments, are true and correct.

2. Signed in _Riverside_, California on _March 15_, 20_16_

Faith Lynn Brashear, Plaintiff in pro se

**ADDENDUM - FORECLOSURE PREVENTION - NEW LAWS**

NEW MORTGAGE FORECLOSURE LAWS THAT TAKE EFFECT **JANUARY 1, 2013**

On July 11, 2012, Governor Edmund G. Brown Jr. signed into law foreclosure reform legislation known as the California Foreclosure Reduction Act ("Foreclosure Reduction Act," AB 268 (Ch. 86, Stats. 2012) and SB 900 (Ch. 87, Stats. 2012)). The Foreclosure Reduction Act reforms California's non-judicial foreclosure process so that borrowers have greater protection from wrongful foreclosures, and a meaningful opportunity to be considered for, and obtain, a loan modification or other alternative to foreclosure. Residential lenders and servicers licensed and regulated by the Department of

43

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983**
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

Corporations under the California Residential Mortgage Lending Act ("CRMLA") and the

California Finance Lenders Law ("CFLL"), will be impacted by the new law.

The Foreclosure Reduction Act **will be effective January 1, 2013**. However, many

provisions in the Foreclosure Reduction Act will sunset in five years, while other

provisions will become operative in five years, on January 1, 2018. Additionally, many

provisions only apply to mortgage servicers that have foreclosed on more than 175

homes during the preceding year. Most provisions apply solely to first lien mortgages or

deeds of trust secured by owner-occupied property.

This Release provides a summary of key provisions in the Foreclosure Reduction Act

that apply to mortgage servicers above and below the 175 threshold. This Release also

summarizes key provisions that will become operative on January 1, 2018, which will

apply to all mortgage servicers, regardless of foreclosure volume. Additionally, this

Release provides a summary of the key elements of other foreclosure laws enacted in

2012. RELEASE NO. 65-FS


Page 2

CRMLA and CFLL licensees will be responsible for maintaining evidence of compliance

with all of the new requirements. Such evidence includes, but not be limited to, phone

44

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983**
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th
9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

conversation logs, copies of correspondence, notices, declarations, and operations

manuals that establish a mortgage servicer's policies and procedures. A licensee's

books and records should establish that required correspondence and notices occur

within the time periods set forth in the law.

## I. Mortgage Servicers with 175 or Fewer Foreclosures

1. Foreclosure Communication Requirements (Civil Code §2923.5 (Section 4)) The

sunset date for pre-foreclosure borrower outreach requirements imposed by SB 1137

(Perata, Ch. 69, Stats. 2008) has been removed. A mortgage servicer is required to

contact or attempt to contact a borrower before commencing the foreclosure process,

and to record a declaration of compliance with the Notice of Default ("NOD"). After

January 1, 2013, the borrower outreach requirements

apply to all loans, regardless of when those loans were first recorded. This provision

will sunset on January 1, 2018. However, new requirements will be imposed. Please

see, "III. Provisions Operative on January 1, 2018" below for further information

2. Review of Foreclosure Documents (Civil Code §2924.17)

**Before commencing foreclosure, a mortgage servicer is required to review competent**

**and reliable evidence to substantiate the borrower's default and its right to foreclose.**

**In addition, every recorded declaration, affidavit, NOD, Notice of Sale ("NOS"),**

–                                                    45

COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983

FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th

9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

2924.18 (dual track prohibition). After a trustee's deed upon sale has been recorded, a mortgage servicer may be

liable to a borrower for actual damages for material violation of the abovementioned Civil Code sections. Furthermore, a mortgage servicer may be liable for the greater of treble damages or $50,000 if the material violation was intentional, reckless or resulted in willful misconduct.

A borrower may be awarded reasonable attorney's fees and costs. This provision will sunset on January 1, 2018. However, new requirements will be imposed. Please see, "III. Provisions Operative on January 1, 2018" below for further information.

5. Reporting Requirement If Mortgage Servicer Exceeds 175 Threshold (Civil Code §2924.18(c))

A mortgage servicer is required to notify the Department of Corporations within       three months after close of the calendar year or annual reporting period when that       servicer has exceeded the 175 foreclosure threshold. The Department of Corporations has determined that this notice may be included with the annual report required under       the licensee's licensing law. The mortgage servicer becomes subject to the heightened  requirements for mortgage servicers with more than 175 foreclosures, six months after       the calendar year in which it exceeds the threshold. This provision will sunset on       January 1, 2018. However, new requirements will be

47

COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983

FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

imposed. Please see, "III.   Provisions Operative on January 1, 2018" below for further

information.

**6. Written Notice of Postponement of Sale (Civil Code §2924(a)(5)) A mortgage**

**servicer must notify a borrower in writing, within 5 business days following the**

**postponement, whenever a foreclosure sale is postponed for at least 10 business**

**days.**

This provision will sunset on January 1, 2018.


## II. Mortgage Servicers with More Than 175 Foreclosures


**1. Foreclosure Communication Requirements (Civil Code §2923.55)**

The sunset date for pre-foreclosure borrower outreach requirements imposed by SB

1137 (Perata, Ch. 69, Stats. 2008) has been removed. A mortgage servicer **is required**

**to contact or attempt to contact a borrower before commencing the foreclosure**

**process, and to record a declaration of compliance with the NOD.**

**After January 1, 2013, the borrower outreach requirements apply to all loans,**

**regardless of when those loans were first recorded.** This provision will sunset on

January 1, 2018. However, new requirements will be imposed. Please see, "III.

Provisions Operative on January 1, 2018" below for further information.

48

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983**

FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5[th,] 8th
9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

**2. Review of Foreclosure Documents (Civil Code §2924.17)** Before commencing foreclosure, a mortgage servicer is required to review competent and reliable evidence to substantiate the borrower's default and its right to foreclose. In addition, every recorded declaration, affidavit, NOD, NOS, assignment, and substitution of trustee must be accurate and complete, and supported by competent and reliable evidence. This provision does not sunset.

**3. Prohibition on Dual Tracking** (Civil Code §2923.55, §2923.6 (Section 7) and §2924.11 (Section 14))

A mortgage servicer is prohibited from commencing or continuing the foreclosure process while a completed loan modification application submitted by a   borrower is pending, until (1) the mortgage servicer makes a written determination that  the borrower is not eligible for a loan modification and any appeal period has expired;

(2) the borrower does not accept a loan modification offer within 14 days of the offer; or (3) the borrower accepts a loan modification offer, but defaults or breaches the terms. Additionally, a mortgage servicer is prohibited from commencing or continuing

the foreclosure process if a borrower is in compliance with the terms of an approved        foreclosure prevention alternative, or if a foreclosure prevention

–                                            49

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983**
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

alternative has been          approved by all parties and proof of financing has been

provided to the servicer.

These provisions will sunset on January 1, 2018. However, new requirements

will be          imposed. Please see, "III. Provisions Operative on January 1, 2018" below

for further     information.

4. Single Point of Contact (Civil Code §2923.7) A mortgage servicer is required to create

a "single point of contact" upon the request of a borrower. The single point of contact

may be an individual or a team that has the authority to perform specific

responsibilities, has knowledge of a borrower's situation and current status, provides

accurate information to a borrower, and coordinates all documents associated with a

borrower's foreclosure prevention alternative. This provision does not sunset. RELEASE

NO. 65-FS

Page 5

5. Notice to Borrower that has not Applied for a Loan Modification (Civil Code §2924.9)

Unless a borrower has previously exhausted the loan modification process, within five

business days after recording a NOD, a mortgage servicer is required to notify a

borrower who has not submitted an application for a loan modification five business

_                                                    50

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983**

FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th

9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

days after recording a NOD, a mortgage servicer is required to notify a borrower who has not submitted an application for a loan modification that the borrower may qualify for a loan modification or foreclosure prevention alternative, whether an application must be submitted to be considered, and the process to obtain an application. This provision will sunset on January 1, 2018.

**6. Loan Modification Review Process (Civil Code §2924.10) A mortgage servicer is required to provide a borrower written acknowledgement of receipt within five business days of receiving a completed loan modification application or any documents connected to a loan modification application.** The initial written acknowledgement of receipt of the loan modification application must include a description of the loan modification process, including an estimate of when a decision will be made and length of time a borrower will have to consider an offer; any deadlines or expiration dates for submitting documents; and any deficiencies in the application. In circumstances where a borrower was provided a fair opportunity to be evaluated for a loan modification prior to January 1, 2013, a mortgage servicer is not required to evaluate a loan modification application from a borrower unless there has been a material, documented change in the borrower's financial circumstances.

This provision will sunset on January 1, 2018.

–

51

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983**
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

**7. Loan Modification Application Denial and Appeal (Civil Code §2923.6 (Section 7))**

If a loan modification application is denied.. Loan Modification Application Denial and Appeal (Civil Code §2923.6 (Section 7))

**If a loan modification application is denied, a mortgage servicer is required to send a borrower written notice identifying the reasons for denial, including (1) timing and instructions for requesting an appeal; (2) if applicable, reasons for investor disallowance of the loan modification; (3) information related to the net present value calculation, if the denial was based on this calculation; (4) if applicable, a finding of a prior failed loan modification; and (5) a description of other foreclosure prevention alternatives for which the borrower may be eligible. A mortgage servicer must provide a borrower at least 30 days from the date of a written denial to appeal the denial and provide evidence that the mortgage servicer's determination was in error.**

8. Prohibition on Fees (Civil Code §2924.11 (Section 14)) A mortgage servicer is prohibited from charging application, processing and other fees for a loan modification or other foreclosure prevention alternative. A mortgage servicer is also prohibited from collecting late fees for the period when a loan modification application is under review, when a denial is being appealed, when the borrower is making timely modification

52

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983**
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

payments, or when a foreclosure prevention alternative is being considered or

exercised. This provision will sunset on January 1, 2018.

9. Additional Notices (Civil Code §2923.55) A mortgage servicer is prohibited from

recording a NOD until after the servicer has provided the borrower written notice with

(1) a statement that if a borrower is a servicemember or dependent of a

servicemember, the borrower may be entitled to certain protections under the federal

Servicemembers Civil Relief Act; and (2) a statement that the borrower may request a

copy of the promissory note, deed of trust, any assignment of the borrower's

mortgage, and the borrower's payment history.

This provision will sunset on January 1, 2018.

10. Other Requirements (Civil Code §2924.11 (Section 14))

A mortgage servicer is required to provide a borrower that has accepted a loan

modification offer or foreclosure prevention alternative a copy of the executed

agreement. In addition, a mortgage servicer is required to record a rescission of a NOD

or cancel a pending trustee's sale, if applicable, upon a borrower executing a

permanent foreclosure prevention alternative.

This provision will sunset on January 1, 2018.

11. Damages (Civil Code §2924.12 (Section 16))

**Prior to a trustee's sale, a borrower may bring an injunctive action against a**

–                                                                    53

COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983

FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th

9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

mortgage servicer for a material violation of Civil Code Sections 2923.55 (borrower outreach and declaration of contact or due diligence), 2923.6 (dual track prohibition and loan modification application denial and appeal), 2923.7 (single point of contact), 2924.9 (notice to a borrower that has not applied for a loan modification), 2924.10 (loan modification review process), 2924.11 (dual track prohibition and prohibition against application or late fees) or 2924.17

(review of foreclosure documents).

After a trustee's deed upon sale has been recorded, a mortgage servicer may be liable to a borrower for actual damages for the above-mentioned Civil Code sections where the violation was not corrected and remedied prior to the recordation. Furthermore, a mortgage servicer may be liable for the greater of treble damages or $50,000 if the material violation was intentional, reckless or resulted in willful misconduct. A borrower may be awarded reasonable attorney's fees and costs. This provision will sunset on January 1, 2018. However, new requirements will be imposed. Please see, "III. Provisions Operative on January 1, 2018" below for further information.

12. Written Notice of Postponement of Sale (Civil Code §2924(a)(5))

‒                                          54

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983**
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

A mortgage servicer is required to notify a borrower in writing within 5 business days following the postponement of a foreclosure sale, whenever the sale is postponed for at least 10 business days. This provision will sunset on January 1, 2018.

**Declaration of 24 Hour Notice**
**I Faith Lynn Brashear am plaintiff, in pro se.**

On _3-15_____, 20 16 at _9:30_ AM/PM, by telephone to
# _619-465-8200_, I personally called defendant [or employee/agent for] _The Mortgage Law Firm_ LM Bank and spoke to _Adriana Rivas_ who claimed to be _Foreclosure Manager_ with the bank, defendant, lender, etc. Alledge trustee

On _3-15_____, 20 16 at _9:30_ AM/PM, by telephone to
# _619-465-8200_, I personally called defendant [or employee/agent for] _The Mortgage Law Firm_ LM Bank and spoke to _Darien J. Devlin_ who claimed to be _President_ with the bank, defendant, lender, etc.

On _3-15_____, 20 16 at _10:00_ AM/PM, by telephone to
# _(800)315-4757_, I personally called defendant [or employee/agent for] _Specialized Loan Servicing_ Bank and spoke to _Debbie #4540_ who claimed to be _Receptionist_ with the bank, defendant, lender, etc. would not transfer to legal Gave me Alternate Number

On _3-15_____, 20 16 at _10:02_ AM/PM, by telephone to
# _303-895-2448_, I personally called defendant [or employee/agent for] _Specialized Loan Servicing_ LM Bank and spoke to _Mark McCoskey_ who claimed to be _Assistant Vice President_ with the bank, defendant, lender, etc.

On _3-15_____, 20 16 at _10:20_ AM/PM, by telephone to
# _716-841-7212_ _212-525-3888_ _831-7536695 Charles G. Meyr_ Bank and spoke to _Refused to transfer_ who claimed to be _HSBC_ _Refused to state_ with the bank, defendant, lender, etc.

55

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983**

FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

V1.6-8

1   On _3-15_____, 20 16 at _10:25_ AM/PM, by telephone to

2   #_213-627-8532_, I personally called defendant [or employee/agent for]

3   _____Bank and spoke to _____ who claimed to be

4   _____with the bank, defendant, lender, etc.

6   They were ALL advised that ~~on the~~ *no later than* _3-17_, 2016, at _____, am/pm, and

7   in department_____ [if known] and were advised to check with the clerk's office to

8   determine the department to which the case had been assigned for Ex Parte hearing, that I, as

9   plaintiff would be moving the court Ex Parte for an order enjoining the foreclosure involving

    the property located at 1095 Lowry Ranch Road, Corona CA 92881 and for issuance of an OSC

10  re preliminary injunction for restraining order thereafter. They indicated that they [would]

11  [would not] appear to defend against the motion. I have not made any prior applications for this

12  relief.

13

14          I declare under penalty of perjury the foregoing is true and correct. Signed

15  in_*Riverside*_____, California on March 15th 2016.

16

17  Respectfully Submitted

18

19  X _____

20  Faith Lynn Brashear In Pro Se

56

26  **COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983**

    FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th

    9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

## Summary of Exhibits

**Exhibit A** -DOC# **2012**-0129568 – Notice of Default NOTE: verbiage "will become due on 6/1/2037 as a result of the maturity of the obligation.

**Exhibit B** -DOC# **2014**-0188942 – Notice of Recession of Notice of Default and Trustee Sale – MERS on behalf of the out of business Countrywide further evidencing the lack of authority to assign a substitute trustee.

**Exhibit C** -DOC# **2014**-0488544 – Notice of Default removing the aforementioned verbiage "will become due on 6/1/2037" and replacing the the amount with $660,602 to be in compliance with the Secretary of State.

**Exhibit D** - 2009 Recession letter with supporting documents
2009 Forensic Audits outlining TILA

**Exhibit E** - Doc# 2007-0319880 void per operation of law Countrywide note.

**Exhibit F** – Certified Fraud Examiner Professional Witness

**Exhibit G** –

**Exhibit H** – Trustee Sale Doc# 2015-0131372 TS# 120251   Title No: 140186673

**Exhibit I** - Suspension of MERS by California Secretary of State

**Exhibit J**- Testimony of DeMartini in Kemp vs. Countrywide in RE: Notes never left the file

**Exhibit K** - Grant Deed chain of superior title

**Exhibit L** - Countrywide internal broker loan summary with appraisal value imputed County Assessor property value in 2007/2008 showing over $700k difference in value

**Exhibit M** – DOC# 2015-0406564 Notice of intent to preserve interest

**Exhibit N** – SEC Foreclosure Audit w/ Fabricated Deed and Corporate Deed of Assignments.
Bank of America/MERS assignment of DOT with known MERS robo- signer - Doc#2011-0411709; Altered Corporation Assignment of DOT from Bank of America to HSBC - Doc# 2012-0129567

**Exhibit O-** AFFIDAVIT OF NON RESPONSE;  RESPA LETTER;  SLS landing page showing no predominant link in compliance with 2923.5; Documented Dispute History CFPB; Letters sent through CFPB demanding documentation and explanations.

**Exhibit P-** Attestation of Termination of classification REMIC; Deutsche Alt A OA4  Sec reporting history showing 10k report that suggests they were required to file this report making this a recordation of a Termination of Registration under Section 12(g) of the Securities Exchange Act of 1934, per 17 CFR 240.12g-4 (b)

**Exhibit Q-**   Attestation Deutsche Alt A OA4 Prospectus

**Exhibit R –**   Attestation Deutsche Alt A OA4  Pooling and Servicing Agreement

**Exhibit S -**  Unanswered Court ordered subpoenas

**Exhibit T –**  The Mortgage Law Firms Foreclosure defense initiative.  Aka Protection money to stay a fictitious foreclosure.

**Exhibit U –** Countrywide Wholesale Mortgage Broker Agreement

**Exhibit V –** Chapter 7 Discharge

**Exhibit W –** Witness letter; Name Change; Grand Jury Summons

**Exhibit X –**  False Claims

**Exhibit 911 –** REO double dealings

1/29/16

MAHER SOLIMAN / Expert Witness A former CFO and later Chief Operating Officer for

Mortgage Guarantee. Career highlights include over $1 billion in non-agency closed

whole loan transactions, accounting background for secondary and capital markets

trading and sales to institutional buyers; other experience includes warehouse lending

bulk loan sales and acquisitions, flow and wholesale, sub- servicing and over 15 years of

banking and investment banking experience.


Over five years on staff with law firms in Los Angeles. Have held CFL and CA Brokers

licenses, member in good standing with Association of Certified Fraud Examiners ACFE;

Graduated CSUN 1985 Accounting / management.


Born Santa Monica and now residing in Los Angeles; over 40 Cases testified include

Graupner v Select Portfolio Services Wells Fargo Bank N.A., CA Court of Appeals 2010;

Ordered Remand... back to trial Court.


FOR MORE INFO Tel 213-239-4661

ASSOCIATION OF CERTIFIED FRAUD EXAMINERS
2015 MEMBER ACFE IN GOOD STANDING

Tuesday, February 23, 2016

**Faith Lynn Brashear**
1095 Lowry Ranch Road
Corona, California 92881
Tel: 951-268-4042
Fax: 855-204-0859

Plaintiff/Creditor

Dear Faith;

RE: AN EXCHANGE OF LIKE-KIND PROPERTY. SEE LIKE-KIND EXCHANGES IN PUBLICATION 544 and us code sec 61 (a) (1) 180 (I) AND FOR ADVANCE TAX PAYER FORM INFO ON 1099 A 1099 C.

Recall I am an accounting professional and active member of the ACFE who specialty is comprehensive analysis pre foreclosures in matters involving like-kind exchanges. My general ledger analysis will aid your tax professional regardless of what happens in your case.

As you know there are a myriad concerns and questions the opposition must respond to in advance of sale that are valid issues of fact remain. With no question the essence of a mortgage and proper characterization of the contract draw attention to an affirmed exchange of property under section 1.1031 for purporting same kind of property as is the most common type of nontaxable exchange. To qualify as a like-kind exchange, your client must hold for business or investment purposes both the property you transfer and the property you receive. There must also be an exchange of like-kind property. See Like-Kind Exchanges in Publication 544.

To date nothing in your notices or correspondence has eluded or even mentioned the tax issues triggered by the seller who the agents represent. You're a grantor and conveyed to title to SELLER at origination and such transfer basis in asset is deferred to date from the transfer of title into trust to trustee and conversion of title to interests of which constitute the alleged purpose for recovery. If this case and your claim, follow the same course of action in every case I have reviewed in California to date then attorneys are representing abandoned title that is held in a lawyers trust account for counsel as trustee. The issue here is that any purchase consideration used for book entry purposes at sale assumes the consideration will consist of credit or cash at closing, some of which will be used by Seller to pay off existing

Page **1** of **8**

debt of the business that will not be assumed by Buyer (e.g., bank loans); Assumption of specified liabilities (e.g., trade payables); Specified deferred payments, or cash in escrow, to secure Seller's performance of representations, warranties, and covenants under the sale contract; deferred payments or escrow of approximately 10% of the total cash consideration paid at closing, and such consideration will be paid out of escrow more than SIX MONTHS AFTER CLOSING. Herein the party you hold as Seller is entitled to receive any earnings on the escrowed funds; Equity of Buyer representing a 20% interest and these incudes any and all Employment agreements with Seller's owners and key management including all contract warranties and Covenants.

The purchase agreement provides for a post-closing purchase price adjustment to account for differences between actual closing working capital and estimated closing working capital. The purchase agreement also provides for customary indemnification provisions whereby the parties indemnify each other against damages suffered due to breaches in representations, WARRANTIES, and other similar matters.

What we believe to be the case here is that title is granted and conveyed by the Borrower at origination Borrower is not one in the same with the BORROWER and called for in the transfer contract "CA DEED OF TRUST under an alleged warranty deed where the BORROWER WARRENTS all Borrower covenants with lender. In this regard the household is facing a deferred tax liability on the earlier transfer of title. In this regard the contract does stipulate the Borrower grants and conveyed title free of lines and all encumbrances for which the granting of title at origination is conditioned only to the existing liens of record. This is complex litigation I agree especially where I have received and reviewed the borrower HUD I and she in fact PAID TO THE DEMAND ISSUER the amount held the existing liens of record.

So are these agents foreclosing on the current lien for title transferred and that consideration converted to equity or are your effort to recover the amount of the existing liens paid by the household at settlement? Note the DEED OR CONTRACT [see FHLMC CA DEED OF TRUST] I have reviewed is a WARRENTY DEED as was executed for purposes of transferring title in advance of a scheduled default whereas it makes use of all CAPITALIZED TERMS in the contract that your office is attempting to enforce. For example, BORROWER WARRENTS and UNFORM WARRENTIES. The first has no period to mark it as a *Covenant header* while the later does in fact show a period under UNFORM WARRENTIES.

I believe the IRS and the American Bar Association as well as countless scholarly or authoritative views have been published over the last five years that site among other things the following: The year 2015 was the third year in which a tax imposed on individuals, estates, and trusts was effective. Enacted in 2010, a 3.8% tax is imposed on the net investment income of these taxpayers in excess of specified threshold amounts. Although the tax is not imposed on C corporations, S corporations, or entities classified as partnerships for federal tax purposes, the tax could apply to dividends from C corporations and to certain income from flow-through entities that is allocated to taxpayer's subject to the tax. The concerns address the problematic issues where the court can assume that the asset in question is owned by the business to be acquired as owned by a closely held company (Seller) organized as limited liability company (LLC) or now owned primarily by individuals (Owners).

ASSOCIATION OF CERTIFIED FRAUD EXAMINERS
2015 MEMBER ACFE IN GOOD STANDING

Therefore, the party your opposition represents as the Seller is classified as a partnership for federal income tax purposes. Furthermore, the essential requirements to divulge the party's interests is answered with the Employer Identification Number for their client - If this recovery prevails then the court is asked to condition the foreclosure by having your office acknowledge the beneficiary your alleging to represent is in fact the party issuing the 1099 A and or 1099 C tax payer forms.

You will recall according to the service the Employer Identification Numbers are issued for the purpose of tax administration and are not intended for participation in any other activities (e.g., tax lien auction or sales, lotteries, etc.) The Services Employer Tax Responsibilities Are Explained (Publications 15, 15-A and 15B). Please also note that Publication 15 provides information on employer tax responsibilities related to domestic and offshore taxable wages, employment tax withholding and which tax returns must be filed. More complex issues are discussed in Publication 15-A and tax treatment of many employee benefits can be found in Publication 15. The Service recommend your client thoroughly review these publications from IRS.gov.  Copies can be requested online (search "Forms and Publications)

If they are representing the real party of interest then they are to issue tax payer form 1099 C, so here we are entitled to the EIN, for accurate estimate of the attribution of income and amount owed to date in advance of the sale. If they are unwilling to reveal the parties of interest, then who's benefit is it they bring the sale. The sale requires the GRANTEE to pay to TRUSTEE, your client, the amount set forth in ARMS LENGTH TRANSACTION. Then the prevailing party is unknown and thereof is who your client will grant and convey title. In this event there is no cause to issue a 1099 C. If the sale is in fact not arm's length than you and your client have knowledge of the party who prevails prior to sale. Therefore, a 1099 C can be issued for Cancellation of debt and involuntary conversion of income under Sec 61 (a) (1). So for this purpose we want to know the EIN of your client as the party issuing the 1099 C who is entitled to charge off the amount held in default that is required for issuing the tax payer form.

By identifying the party and EIN in advance of sale the lawyers are being immensely helpful and obviously relinquishing any right or claims to a 453 Qualified Sale meaning your client will carry the entire tax liability for the anticipated transfer of title at sale. Said sale scheduled for Friday February 28th 2016 is indeed intended to qualify under Section 453 as a 451 transfer and sale is no doubt brought by your office for a government actor and thus qualifies the household for a sate condemnation hearing

These questions and concerns of COD Income under section 61 (a) (1) are paired to Section 108 (i) which in part addresses the requirements for the 36-month test period. When if at all did you satisfy the 36-month test period that is essential for garnered ad qualified sale as an abandonment. From what period of time to what period ending on month 36 did your office verify NO CONTACT or CORRESPONDANCE what so ever with the household and occupants your seeking to remove from the premises? If you cannot identify the 36 month