V1.6-8

**Faith Lynn Brashear**
Plaintiff /Witness/ Advocate
In RE: 1095 Lowry Ranch Road
Corona, CA 92881
Tel: 951-268-4042
<u>Preferred Response</u>: Fax: 855-204-0859
Faith@Betterquest.com <u>Mail Response</u>:



FILED
CLERK, U.S. DISTRICT COURT
MAR 22 2016
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# FEDERAL COURT OF CALIFORNIA
# FOR THE LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| FAITH LYNN BRASHEAR, an individual, Plaintiff<br>vs.<br>HSBC BANK USA, NATIONAL ASSOCIATION, as Trustee of the Holders of the Deutsche Alt-A Securities, Inc., Mortgage Loan Trust, Mortgage Pass-Through Certificates Series 2007-OA4;<br>CHARLES G. MEYER JR Director, HSBC Bank USA, N.A.<br>THE MORTGAGE LAW FIRM, PLC, as Trustee and Agent of a Beneficiary; as agent for Wells Fargo Bank, N.A.;<br>DARREN J. DEVLIN, President of of The Mortgage Law Firm, PLC;<br>SPECIALIZED LOAN SERVICING LLC, as servicer for HSBC Bank USA, National Association, as Trustee for the Holders of the Deutsche Alt-A Securities, Inc., Mortgage loan Trust, Mortgage Pass-Through Certificates Series 2007 –OA4;<br>MARK MCCLOSKEY Assistant Vice President of Specialized Loan Servicing LLC, and All persons and entities claiming any right to real property located at 1095 Lowry Ranch Road Corona, California 92881 and Does 1-10, inclusively,<br>Defendants | CASE No. CV16-469-TJH<br><br>**EXHIBIT 4**<br><br>ABA SECTION OF TAXATION COMMENTS ON GUIDANCE UNDER SECTION 108(a)<br>CONCERNING THE EXCLUSION OF SECTION 61(a)(12)<br>DISCHARGE OF INDEBTEDNESS INCOME OF A GRANTOR<br>TRUST OR A DISREGARDED ENTITY<br><br>*[signature]*<br>3-22-16 |

**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983**   1

FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.



Defending Liberty
Pursuing Justice

**Section of Taxation**

10th Floor
740 15th Street, N.W.
Washington, DC 20005-1022
202-662-8670
FAX: 202-662-8682

OFFICERS
Chair
William M. Paul
Washington, DC
Chair-Elect
Rudolph R. Ramelli
New Orleans, LA
Vice Chairs
Administration
Fred T. Witt Jr.
Phoenix, AZ
Committee Operations
Kathryn Keneally
New York, NY
Communications
John P. Barrie
Washington, DC
Government Relations
Emily A. Parker
Dallas, TX
Professional Services
William H. Caudill
Houston, TX
Publications
Douglas M. Mancino
Los Angeles, CA
Secretary
Megan Brackney
New York, NY
Assistant Secretary
Thomas D. Greenaway
Boston, MA
COUNCIL
Section Delegates to the
House of Delegates
Richard M. Lipton
Chicago, IL
Susan P. Serota
New York, NY
Last Retiring Chair
Charles H. Egerton
Orlando, FL
Members
Alice G. Abreu
Philadelphia, PA
Kevin D. Anderson
Bethesda, MD
Joan C. Arnold
Philadelphia, PA
Andrew J. Dubroff
Washington, DC
Miriam L. Fisher
Washington, DC
Michael A. Clark
Chicago, IL
Julian Kim
Washington, DC
Mary Ann Mancini
Washington, DC
Eric Solomon
Washington, DC
Steven M. Rosenthal
Washington, DC
Pamela Baker
Chicago, IL
W. Curtis Elliott, Jr.
Charlotte, NC
Scott D. Michel
Washington, DC
Eric B. Sloan
New York, NY
Brian P. Trauman
New York, NY
LIAISONS
Board of Governors
Allen C. Goolsby, III
Richmond, VA
Young Lawyers Division
Adam J. Widlak
Chicago, IL
Law Student Division
Daniel Bruno
Tuscaloosa, AL

DIRECTOR
Christine A. Brunswick
Washington, DC

January 17, 2012

Hon. Douglas Shulman
Commissioner
Internal Revenue Service
1111 Constitution Avenue, N.W.
Washington, DC 20224

Re: Guidance under Section 108(a) Concerning the Exclusion of Section 61(a)(12) Discharge of Indebtedness Income of a Grantor Trust or a Disregarded Entity

Dear Commissioner Shulman:

Enclosed are comments on guidance under section 108(a) concerning the exclusion of section 61(a)(12) discharge of indebtedness income of a grantor trust or a disregarded entity. These comments represent the views of the American Bar Association Section of Taxation. They have not been approved by the Board of Governors or the House of Delegates of the American Bar Association and should not be construed as representing the policy of the American Bar Association.

Sincerely,

William M. Paul
Chair, Section of Taxation

Enclosure

cc: Emily S. McMahon, Acting Assistant Secretary (Tax Policy), Department of the Treasury
William J. Wilkins, Chief Counsel, Internal Revenue Service

# ABA SECTION OF TAXATION
# COMMENTS ON GUIDANCE UNDER SECTION 108(a)
# CONCERNING THE EXCLUSION OF SECTION 61(a)(12)
# DISCHARGE OF INDEBTEDNESS INCOME OF A GRANTOR
# TRUST OR A DISREGARDED ENTITY

The following comments ("Comments") are submitted on behalf of the American Bar Association Section of Taxation and have not been approved by the Board of Governors or the House of Delegates of the American Bar Association. Accordingly, they should not be construed as representing the position of the American Bar Association.

Principal responsibility for preparing these Comments was exercised by Lee G. Zimet, Vice-Chair for the Committee on Bankruptcy and Workouts. Substantive contributions were made by the following members of the Committees on Bankruptcy and Workouts and Partnerships and LLCs: Linda Hui, Dana Lasley, Matthew Lay, Haleh Naimi, Jennifer Noel, Martin Pollack, and Vincent C. Thomas. The Comments were reviewed by Kenneth C. Weil, Committee Chair for the Committee on Bankruptcy and Workouts, and Bahar A. Schippel, Committee Chair for the Committee on Partnerships and LLCs. The Comments were further reviewed by Bob Pope of the Section's Committee on Government Submissions, Julian Kim, Council Director for the Committee on Bankruptcy and Workouts, and Eric Sloan, Council Director for the Committee on Partnerships and LLCs.

Although the members of the Section of Taxation who participated in preparing these Comments have clients who might be affected by the legal issues addressed by these Comments, no such member or the firm or organization to which such member belongs has been engaged by a client to make a government submission with respect to, or otherwise influence the development or outcome of, the specific subject matter of these Comments.

Contact:    Lee G. Zimet
            212-436-2317
            LZimet@Deloitte.com

Date:       January 17, 2012

# Executive Summary

On April 13, 2011, the Department of the Treasury (the "Treasury") and the Internal Revenue Service (the "Service") published a notice of proposed rulemaking in the Federal Register containing proposed regulations under section 108(a)(1)(A) and (B)[1] (the "Proposed Regulations").[2] The Proposed Regulations provide that, for purposes of applying the bankruptcy and insolvency exceptions of section 108, a disregarded entity or grantor trust shall not be considered to be the "taxpayer," but, rather, the owner of the disregarded entity is the taxpayer. In the preamble to the Proposed Regulations (the "Preamble"), the Treasury and the Service requested comments on the clarity of the proposed rules and how they can be made easier to understand.

These Comments set forth our recommendations regarding the application of section 108 to disregarded entities and grantor trusts and their owners. We recommend that the final Regulations or other future guidance:

1. Expand the coverage of the Proposed Regulations to apply to all of the exclusions provided in section 108(a) and not just the bankruptcy and insolvency exceptions (*i.e.*, the exceptions for the discharge of qualified farm debt, qualified real property business debt, and qualified principal residence debt).

2. Specify how a grantor's share of a multi-owner grantor trust's liabilities should be determined.

3. Clarify whether the owner of a disregarded entity or grantor trust may apply the bankruptcy exception where the owner is indirectly liable for debt of the bankrupt disregarded entity or grantor trust and the bankruptcy court eliminates the owner's liability (in conjunction with the cancellation of the debt of the disregarded entity or grantor trust).

4. Clarify whether and how debt issued by a disregarded entity or grantor trust should be treated as recourse or nonrecourse debt for purposes of determining the amount of cancellation of debt ("COD") income realized by a taxpayer, generally, and for purposes of applying the insolvency exception of section 108, specifically.

---

[1] References to a "section" herein are to sections of the Internal Revenue Code of 1986, as amended (the "Code"), unless otherwise indicated.

[2] 76 Fed. Reg. 20,593 (2011).

1

5. Clarify whether and how Revenue Ruling 92-53[3] applies to COD income realized by a disregarded entity or grantor trust.

6. Provide that taxpayers may rely on the proposed regulations for COD income realized before the effective date of the final regulations.

---

[3] 1992-2 C.B. 48.

Discussion

## I. Introduction

### A. COD Income in General

As a general rule, a taxpayer includes realized COD income in gross income.[4] Section 108(a)(1) provides five specific exclusions from gross income: the bankruptcy exclusion, the insolvency exclusion, and exclusions for qualified farm debt, qualified real property business debt, and qualified principal residence debt.[5] The exclusions under section 108(a) can apply if "indebtedness of the taxpayer" is discharged (in whole or in part). For purposes of section 108, the term "indebtedness of the taxpayer" means any debt (i) for which the taxpayer is liable, or (ii) for which the taxpayer holds property subject to the debt.[6] In the case of a partnership, section 108(a) applies at the partner level and not at the partnership level.[7]

The bankruptcy exception applies if the discharge occurs in a "title 11 case." A title 11 case is a case under title 11 of the U.S. Code (*i.e.*, the U.S. Bankruptcy Code). To qualify for the bankruptcy exception, the "taxpayer" must be under the jurisdiction of a U.S. bankruptcy court, and the discharge must be granted by the court (or be pursuant to a plan approved by the court).[8]

The insolvency exception applies if the "taxpayer" is "insolvent" immediately before the discharge. A taxpayer is considered insolvent if its liabilities exceed the fair market value of its assets.[9] Unlike the bankruptcy exception, the exclusion under the insolvency exception is limited in amount. The limitation equals the amount by which the taxpayer is insolvent immediately before the discharge (*i.e.*, the amount by which liabilities exceed the fair market value of assets).[10]

---

[4] I.R.C. § 61(a)(12); Reg. § 1.61-12(a).

[5] I.R.C. § 108(a)(1)(A-E). Section 108(a)(2) provides for ordering rules where multiple exclusions potentially apply. The bankruptcy exception takes precedence over the other four exclusions. The insolvency exception takes precedence over the exclusions for qualified farm debt and qualified real property business debt. The exclusion for qualified principal residence debt takes precedence over the insolvency exception, unless the taxpayer elects otherwise. I.R.C. § 108(a)(2).

[6] I.R.C. § 108(a)(1), (d)(1).

[7] I.R.C. § 108(d)(6).

[8] I.R.C. § 108(a)(1)(A), (d)(2).

[9] I.R.C. § 108(a)(1)(B), (d)(3).

[10] I.R.C. § 108(a)(3), (d)(3).

3

### B. Disregarded Entities

The Code and Regulations provide for several circumstances in which an entity is disregarded as separate from its owner. In these cases, the transactions entered into by the disregarded entity are generally treated as entered into by its owner. These entities generally receive the same federal income tax treatment as a sole proprietorship, branch, or division of the owner.

A grantor trust is a portion of a trust that is treated as being owned by the grantor (or another person) under sections 673 through 679. In these cases, the specified owner takes into account the income, deductions, and credits attributable to the grantor trust portion of the trust.[11] In the case of a trust that is treated as wholly-owned by a single person, the trust is disregarded and receives treatment that is similar to that of a disregarded entity.[12]

There currently is some uncertainty as to the application of the section 108(a) exclusions to the discharge of debt where the debt was issued by a disregarded entity or grantor trust. The Preamble notes that some taxpayers have been taking the position that the bankruptcy exception applies if a disregarded entity or grantor trust is in bankruptcy, even if the owner of the entity is not. Similarly, some taxpayers have been taking the position that the insolvency exception applies if a disregarded entity or grantor trust is insolvent, even if the owner of the entity is solvent. The Treasury and the Service have stated in the Preamble that they believe both of these positions are inappropriate applications of the relevant statutory provisions.

The Proposed Regulations, if finalized in their current form, would clarify that, for purposes of applying the bankruptcy and insolvency exceptions to COD income of a disregarded entity or grantor trust, the entity will not be considered to be the "taxpayer." Instead, the owner of the entity is considered to be the taxpayer for purposes of determining eligibility for the bankruptcy and insolvency exceptions. As a result, the discharge of debt of a disregarded entity or grantor trust would qualify for the bankruptcy or insolvency exception only if the owner is bankrupt or insolvent (and only to the extent of the owner's insolvency).[13]

If a partnership is the owner of a disregarded entity or grantor trust, the Proposed Regulations provide that the rule described in the above paragraph applies to the partner

---

[11] I.R.C. § 671.

[12] *E.g.,*. Reg. § 1.1001-2(c), Ex. (5); Rev. Rul. 90-55, 1990-2 C.B. 161; Rev. Rul. 88-103, 1988-2 C.B. 304; Rev. Rul. 85-13, 1985-1 C.B. 184. *But see Rothstein v. U.S.*, 735 F.2d 704 (2d Cir. 1984) (treating wholly-owned grantor trust as separate taxpayer).

[13] Prop. Reg. § 1.108-9(a), 76 Fed. Reg. 20,593 (2011).

4

of the partnership to whom the COD income is allocable.[14] Specifically, the Preamble clarifies that if a partner is itself a disregarded entity or grantor trust, the applicability of the bankruptcy and insolvency exceptions is determined by looking through the partner to the ultimate owner of the partner.

The Proposed Regulations define "disregarded entity" as an "entity that is disregarded as an entity separate from its owner for federal income tax purposes."[15] The Proposed Regulations list as examples of disregarded entities (i) a domestic single member limited liability company ("LLC") that does not elect to be classified as a corporation for federal income tax purposes, (ii) a corporation that is a qualified real estate investment trust ("REIT") subsidiary, and (iii) a corporation that is a qualified subchapter S subsidiary.[16] The Proposed Regulations define a grantor trust as a portion of a trust that is treated as being owned by the grantor or another person.[17]

The Proposed Regulations further specify that a disregarded entity or grantor trust shall not be considered an "owner" for purposes of the Proposed Regulations. This provision applies notwithstanding any other provision of the Proposed Regulations.[18]

The Proposed Regulations are proposed to apply to COD income that is realized on or after the date final Regulations are published in the Federal Register.[19]

## II. Recommendations

We commend the Treasury and the Service for proposing clarifications to the application of the bankruptcy and insolvency exceptions to COD income realized by disregarded entities and grantor trusts. These Proposed Regulations, when finalized, would clarify the law and assist taxpayers in planning transactions involving disregarded entities and in correctly reporting the tax consequences of those transactions. As discussed more fully below, we would propose certain modifications to the Proposed Regulations when they are finalized, as well as the issuance of certain additional guidance.

---

[14] Prop. Reg. § 1.108-9(b).

[15] Prop. Reg. § 1.108-9(c)(1).

[16] Prop. Reg. § 1.108-9(c)(1). A foreign eligible entity with a single owner also may be disregarded as separate from its owner under Regulation section 301.7701-3. A series of a series organization also may be treated as a disregarded entity under Proposed Regulation section 301.7701-1(a)(5).

[17] Prop. Reg. § 1.108-9(c)(2).

[18] Prop. Reg. § 1.108-9(c)(3).

[19] Prop. Reg. § 1.108-9(d).

5

A.  **Other Exclusions Under IRC § 108**

Section 108(a) provides for five different exclusions from gross income for COD income. Although the bankruptcy and insolvency exceptions apply regularly to taxpayers as a general matter, the other three exclusions (qualified farm debt, qualified real property business debt, and qualified principal residence debt) also could involve issues relating to COD income of disregarded entities and grantor trusts.

We recommend that the final Regulations expand the coverage of the Proposed Regulations to apply to all of the exclusions provided for in section 108(a) and not just the bankruptcy and insolvency exceptions. Without this expansion, there may be continued uncertainty as to whether these exceptions apply to disregarded entities and grantor trusts or to their owners.

B.  **Multiple-Owner Grantor Trust Issues**

The Proposed Regulations define a grantor trust as a portion of a trust that is treated as being owned by the grantor or another person. Grantor trusts are generally treated as passthrough entities for U.S. federal income tax purposes. The trust generally determines the income, deductions, and credits attributable to the grantor trust portion of the trust based upon its own taxable year (*i.e.*, the calendar year) and its own methods of accounting. The grantor (or other owner) reports its share of the grantor trust's income, deductions, and credits on its own tax return in the taxable year that includes the end of the grantor trust's taxable year.[20]

In the case of a trust that is treated as wholly-owned by a single person, the trust is disregarded and receives tax treatment that is similar to that of a disregarded entity. For example, the taxable year of the trust is disregarded and the owner reports the income, deductions, and credits of the trust based upon the owner's taxable year.[21] In addition, dealings between the owner and a wholly-owned grantor trust are disregarded.[22]

The tax treatment of single-owner grantor trusts is very similar to the tax treatment of disregarded entities. As a result, the application of the Proposed Regulations to these trusts makes sense from a tax policy standpoint. There are potential compliance and administrative issues with respect to multi-owner grantor trusts, however, that should be addressed in future guidance. Without further guidance, it may be difficult for an

---

[20]  I.R.C. §§ 644(a), 671;. Reg. § 1.671-3.

[21]  Rev. Rul. 90-55, 1990-2 C.B. 161; Rev. Rul. 57-390, 1957-2 C.B. 326.

[22]  *E.g.*,. Reg. § 1.1001-2(c), Ex. (5); Rev. Rul. 88-103, 1988-2 C.B. 304; Rev. Rul. 85-13, 1985-1 C.B. 184. *But see Rothstein v. United States*, 735 F.2d 704 (2d Cir. 1984) (treating wholly-owned grantor trust as separate taxpayer).

6

owner of a grantor trust to determine its share of the trust's assets and liabilities for purposes of determining whether the owner is insolvent (or the amount of insolvency). It should be noted that many liquidating trusts (generally treated as grantor trusts[23]) have thousands of owners, making compliance at the owner level especially complicated.

The grantor trust rules currently do not have rules that would assist a trustee in determining the correct allocation of liabilities to specific owners. Regulations under section 752 provide detailed rules for allocating a partnership's liabilities among its partners. Without an equivalent set of rules for grantor trusts it may be difficult for some trusts to make the determination. Therefore, we recommend that future guidance specify how a grantor's share of a multi-owner grantor trust's liabilities should be determined.[24]

### C. Situations in Which the Owner of a DRE may be Considered to be "Under the Jurisdiction" of a Bankruptcy Court

The bankruptcy exception applies if the discharge occurs in a title 11 case.[25] A title 11 case, for this purpose, means a case under the U.S. Bankruptcy Code. However, the bankruptcy exception only applies if the taxpayer is under the jurisdiction of the bankruptcy court in a title 11 case <u>and</u> the discharge of debt (i) is granted by the court, or (ii) is pursuant to a plan approved by the court.[26]

The Proposed Regulations would clarify that, for purposes of applying the bankruptcy exception to COD income of a disregarded entity or grantor trust, the disregarded entity or grantor trust[27] will not be considered to be the "taxpayer." This rule,

---

[23] Rev. Proc. 94-45 § 3.03, 1994-2 C.B. 684.

[24] The grantor trust rules require a trust to report to its owners their apportioned share of the trusts income, deductions, and credits. There currently is no requirement for the trust to report the owner's share of (i) the fair market value of the trust's assets, or (ii) the liabilities of the trust. We recommend that future guidance or tax forms provide that a grantor trust is required to report the owner's share of the trust's liabilities.

[25] I.R.C. § 108(a)(1)(A).

[26] I.R.C. § 108(d)(2).

[27] There is uncertainty as to whether the provisions of the Proposed Regulations dealing with the applicability of the bankruptcy exception can ever apply to a bankruptcy of a grantor trust. Trusts cannot generally be a debtor under the U.S. Bankruptcy Code. *In re: Hunt*, 160 B.R. 131 (B.A.P. 9th Cir. 1994); *In re: Estate of Assignment for the Benefit of Creditors of Edward Paul May*, 215 B.R. 659 (Bankr. E.D. Mich. 2008); *In re: Betty L. Hays Trust*, 65 B.R. 665 (Bankr. D. Neb. 1986). A business trust can be a debtor in bankruptcy but is generally treated as a business entity (and not as a trust) for both U.S. bankruptcy and income tax purposes. 11 U.S.C. § 101(9)(A)(v); Reg. § 301.7701-4(b).

if finalized, would generally require that the owner be "under" a bankruptcy court's jurisdiction to qualify for the exclusion.

Under existing law, arguments can be made that the owner is under the partial jurisdiction of a court by operation of the court's jurisdiction over specific assets of the owner (*i.e.*, the assets owned by the disregarded entity or grantor trust). However, the proposed clarification appears reasonable from a tax policy standpoint in that it avoids granting the benefit of exclusion to owners that are both solvent and not fully under the jurisdiction of a bankruptcy court. The clarification also conforms the treatment of disregarded entities and grantor trusts with the treatment of partnerships (but not other passthrough entities such as subchapter S corporations and possibly taxable trusts).[28]

We recommend that final Regulations clarify the treatment where the owner is indirectly liable for the debt of the bankrupt disregarded entity or grantor trust and the bankruptcy court eliminates the taxpayer's liability (in conjunction with the cancellation of the debt of the disregarded entity or grantor trust). The Tax Court in a memorandum decision in *Jose Gracia v. Commissioner*[29] (and several related decisions arising out of the same bankruptcy proceeding)[30] held that a general partner who was personally liable for his partnership's debt was eligible to exclude COD income under the bankruptcy exception where the partnership (but not the general partner) was a debtor in a bankruptcy case.

The Bankruptcy Court in *Gracia* confirmed a bankruptcy plan of reorganization under which the claims against the debtor general partnership were discharged under chapter 11 of the U.S. Bankruptcy Code. That plan provided for a contribution agreement under which any and all liabilities of the general partner to the trustee and the debtor (and the creditors of the debtor) were satisfied by a single payment. The general partner's liability was not discharged under chapter 11, but the general partner's liability to the estate, the debtor (and its creditors) was terminated.

There is uncertainty under existing law as to whether the holding in *Gracia* regarding the applicability of the bankruptcy exception would be followed by the Service or other courts. Since the *Gracia* situation is analogous to the situation that would be presented if the non-bankrupt owner of a disregarded entity had guaranteed the entity's debt and the disregarded entity's bankruptcy court discharges both the entity's debt and

---

[28] I.R.C. § 108(d)(6) (partnerships), (7) (S corporations).

[29] T.C. Memo. 2004-147.

[30] *Price v. Commissioner*, T.C. Memo. 2004-149; *Mirarchi v. Commissioner*, T.C. Memo. 2004-148; *Est. of Martinez v. Commissioner*, T.C. Memo. 2004-150.

8

the owner's liability, it would be helpful for final Regulations to provide clarity on this issue.

The Service has not stated any position on *Gracia*. It would be helpful if the Service were to state in the final Regulations, or otherwise, if *Gracia* would apply if the disregard entity's liabilities are discharged in that entity's bankruptcy proceeding and some other settlement of the owner's liability is reached in that bankruptcy proceeding, even though the owner is not in a proceeding under the Bankruptcy Code.

### D. Whether the Indebtedness of a DRE is Treated as Recourse or Nonrecourse

For section 108 purposes, "indebtedness of the taxpayer" is defined as debt (i) for which the taxpayer is liable, or (ii) for which the taxpayer holds property subject to the debt.[31] This definition appears to permit owners to treat debt issued by a disregarded entity or grantor trust as their own indebtedness for section 108 purposes. Even if the owner has no personal liability for the debt, the property of the disregarded entity or grantor trust (which is treated as owned by the owner) should be treated as being subject to the debt.

While it is clear that debt issued by a disregarded entity or grantor trust is treated as debt of the owner, there is lingering uncertainty as to whether that debt is considered to be recourse or nonrecourse to the owner of the disregarded entity or grantor trust.

Whether debt is recourse or nonrecourse is an important distinction under section 108 and under section 1.1001-2 of the Regulations. The Service has not issued any guidance as to how to determine whether debt issued by a disregarded entity or grantor trust is recourse or nonrecourse.

Taxpayers generally take the position that debt issued by a disregarded entity or single-owner grantor trust is recourse if the owner has guaranteed the debt (or is otherwise personally liable). Conversely, the debt is generally treated as nonrecourse if the owner of the entity has not guaranteed the debt and is not personally liable. It would be helpful if the Service could issue guidance (whether in the form of an example in a regulation or a ruling) that clarifies that the above positions are correct.

---

[31] I.R.C. § 108(d)(1).

9

### E. Extent to Which the Indebtedness of a DRE is Treated as Indebtedness of its Owner for Purposes of Determining Whether the Owner is Insolvent

The insolvency exception applies if the taxpayer is insolvent (immediately before the discharge) and the bankruptcy exception does not apply. Unlike the bankruptcy exception, the amount of the exclusion under the insolvency exception is limited. The limit equals the amount of the taxpayer's insolvency (immediately before the discharge).[32]

The Proposed Regulations would clarify that, for purposes of applying the insolvency exception to COD income of a disregarded entity or grantor trust, the disregarded entity or grantor trust will not be considered to be the "taxpayer." The Proposed Regulations do not, however, provide any guidance regarding the principles to be used in determining the extent to which the debt of the disregarded entity is taken into account in determining the insolvency of its owner. Therefore, it would be helpful if the final Regulations confirm that the principles of Revenue Ruling 92-53[33] apply to debt issued by disregarded entities and grantor trusts.

Revenue Ruling 92-53 discusses whether nonrecourse debt is taken into account in determining a taxpayer's insolvency. The ruling provides that "excess nonrecourse debt" is not generally treated as a liability for purposes of determining insolvency. Excess nonrecourse debt is defined as the amount by which nonrecourse debt exceeds the fair market value of the property by which it is secured. However, excess nonrecourse debt is treated as a liability for insolvency purposes to the extent of any COD income with respect to the debt.

It would be helpful for the Service to clarify that the principles of Revenue Ruling 92-53 apply to COD income realized by a disregarded entity or grantor trust. This guidance could be in the form of an example in the final Regulations or a separate revenue ruling.

### F. COD Income Realized Before the Effective Date of the Final Regulations

The Proposed Regulations are proposed to apply to COD income that is realized on or after the date final Regulations are published in the Federal Register.[34] The Preamble notes that some taxpayers have been taking the position that the bankruptcy and

---

[32] I.R.C. § 108(a)(1)(B), (2)(A), (3), (d)(3).

[33] 1992-2 C.B. 48.

[34] Prop. Reg. § 1.108-9(d).

10

insolvency exceptions apply if a disregarded entity or grantor trust is in bankruptcy or is insolvent (even if the owner is solvent and not in bankruptcy). The Treasury and the Service have stated in the Preamble that they believe these positions are inappropriate applications of the relevant statutory provisions. This statement should discourage taxpayers from taking these positions before the Proposed Regulations are finalized. However, it may not provide sufficient comfort for taxpayers that wish to apply the positions described in the Proposed Regulations.[35] It would be helpful for final Regulations to allow taxpayers to apply the Regulations retroactively (if they choose) or to state that the Service will not challenge any taxpayer that applies the Proposed Regulations.

---

[35] The IRS has previously warned taxpayers not to rely on proposed regulations unless there is an express statement in the proposed regulations that taxpayers may rely on them currently. However, Chief Counsel attorneys have been instructed not to take positions in litigation or advice that would result in a harsher result to a taxpayer than allowed by a proposed regulation. IRS Chief Counsel Notice CC-2003-014 (May 8, 2003).

11