V1.6-8

**Faith Lynn Brashear**
Plaintiff /Witness/ Advocate
In RE: 1095 Lowry Ranch Road
Corona, CA 92881
Tel: 951-268-4042
<u>Preferred Response</u>: Fax: 855-204-0859
Faith@Betterquest.com <u>Mail Response:</u>



FILED
CLERK, U.S. DISTRICT COURT
MAR 22 2016
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

## FEDERAL COURT OF CALIFORNIA
## FOR THE LOS ANGELES, CENTRAL DISTRICT

FAITH LYNN BRASHEAR, an individual, Plaintiff

vs.

HSBC BANK USA, NATIONAL ASSOCIATION, as Trustee of the Holders of the Deutsche Alt-A Securities, Inc., Mortgage Loan Trust, Mortgage Pass-Through Certificates Series 2007-OA4;
CHARLES G. MEYER JR Director, HSBC Bank USA, N.A.
THE MORTGAGE LAW FIRM, PLC, as Trustee and Agent of a Beneficiary; as agent for Wells Fargo Bank, N.A.;
DARREN J. DEVLIN, President of of The Mortgage Law Firm, PLC;
SPECIALIZED LOAN SERVICING LLC, as servicer for HSBC Bank USA, National Association, as Trustee for the Holders of the Deutsche Alt-A Securities, Inc., Mortgage loan Trust, Mortgage Pass-Through Certificates Series 2007 –OA4;
MARK MCCLOSKEY Assistant Vice President of Specialized Loan Servicing LLC, and All persons and entities claiming any right to real property located at 1095 Lowry Ranch Road Corona, California 92881 and Does 1-10, inclusively,
Defendants

CASE No. CV16-469-TJH

**EXHIBIT G**

**1099-A abandonment of partnership interests issued by Fannie Mae in re SunTrust**

**Wrongful Washington State foreclosures**
**12302 Sunrise Drive**
**13900 Hidden Heights**



**COMPLAINT OF THE PLAINTIFF/ DEBTOR PURSUANT TO 42 U.S.C. Sec 1983**   1
FALSE CLAIMS 31 U.S. Code § 3729 (a) (C), violations of US Constitutional Amendments, 5th, 8th 9th and 14th. Adversary Trial for Summary Judgment, Declaratory and Injunctive relief.

# Internal Revenue Service
## United States Department of the Treasury

This Product Contains Sensitive Taxpayer Data

```
                              Request Date: 03-25-2015
                             Response Date: 03-25-2015
                           Tracking Number: 100241670971
```

Wage and Income Transcript

```
                           SSN Provided: 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
                  Tax Period Requested: December, 2010
```

### Form W-2 Wage and Tax Statement

Employer:
  Employer Identification Number (EIN):941687665
  BANK OF AMERICA NATIONAL ASSOCIATIO
  101 S TRYON ST
  CHARLOTTE, NC 28255-0000

Employee:
  Employee's Social Security Number: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
  FAITH LYNN BRASHEAR
  PMB 154 19689 7TH AVENUE NE
  POULSBO, WA 98370-0000

Submission Type:..............................................Original document
Wages, Tips and Other Compensation:..................................$4,218.00
Federal Income Tax Withheld:...........................................$398.00
Social Security Wages:...............................................$4,218.00
Social Security Tax Withheld:..........................................$261.00
Medicare Wages and Tips:.............................................$4,218.00
Medicare Tax Withheld:..................................................$61.00
Social Security Tips:....................................................$0.00
Allocated Tips:..........................................................$0.00
Advanced EIC Payment:....................................................$0.00
Dependent Care Benefits:.................................................$0.00
Deferred Compensation:...................................................$0.00
Code "Q" Nontaxable Combat Pay:..........................................$0.00
Code "W" Employer Contributions to a Health Savings Account:.............$0.00
Code "Y" Deferrals under a section 409A nonqualified Deferred Compensation
plan:....................................................................$0.00
Code "Z" Income under section 409A on a nonqualified Deferred Compensation
plan:....................................................................$0.00
Code "R" Employer's Contribution to MSA:.................................$0.00
Code "S" Employer's Contribution to Simple Account:......................$0.00
Code "T" Expenses Incurred for Qualified Adoptions:......................$0.00
Code "V" Income from exercise of non-statutory stock options:............$0.00
Code "AA" Designated Roth Contributions under a Section 401(k) Plan:.....$0.00
Code "BB" Designated Roth Contributions under a Section 403(b) Plan:.....$0.00
Code "CC" (For employer use only) - HIRE Exempt Wages and Tips:..........$0.00
Third Party Sick Pay Indicator:.....................................Unanswered
Retirement Plan Indicator:.................................................Yes
Statutory Employee:...............................Not Statutory Employee

### Form 1099-A Acquisition or Abandonment of Secured Property

Lender:
  Lender's Federal Identification Number (FIN):520883107
  FANNIE MAE
  3900 WISCONSIN AVENUE
  WASHINGTON, DC 20016-0000

Borrower:
  Borrower's Identification Number: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
  DONNA BELTZ
  19689 7TH AVE NE
  POULSBO, WA 98370-7531

Submission Type:..............................................Original document
Account Number:.................................................MTG0206910069
Date of Lender's Acquisition or Knowledge of Abandonment:...........09-24-2010
Balance of Principal Outstanding:...................................$415,561.00
Fair Market Value of Property:......................................$506,341.00
Was Borrower Personally Liable for Repayment of the Debt?:
..........................................."Y" Box Checked (Personally Liable)
Description of Property:.................13900 HIDDEN HTS LNBAINBRIDG WA 98110

### Form 1099-A Acquisition or Abandonment of Secured Property

Lender:
  Lender's Federal Identification Number (FIN):540259290
  SUNTRUST MORTGAGE INC.
  1001 SEMMES AVENUE
  RICHMOND, VA 23224-2243

Borrower:
  Borrower's Identification Number: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
  DONNA BELTZ

```
                                                         POULSBO, WA 98370-7531

Submission Type:................................................Original document
Account Number:.........................................................MTG0206912834
Date of Lender's Acquisition or Knowledge of Abandonment:...........10-22-2010
Balance of Principal Outstanding:...................................$232,482.00
Fair Market Value of Property:.............................................0.00
Was Borrower Personally Liable for Repayment of the Debt?:
................................................"Y" Box Checked (Personally Liable)
Description of Property:.................13900 HIDDEN HTS LNBAINBRIDG WA 98110


                                 Form 1099-MISC

Payer:
  Payer's Federal Identification Number (FIN):880444917
  BUCKWOOD COMMUNICATIONS INC
  2108 NOAH TYLER CT
  HENDERSON, NV 89052-0000

Recipient:
  Recipient's Identification Number: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
  FAITH BRASHEAR
  19689 7TH AVE NE
  POULSBO, WA 98370-0000


Submission Type:................................................Original document
Account Number (Optional):................................................N/A
Tax Withheld:.............................................................0.00
Non-Employee Compensation:.............................................$989.00
Medical Payments:.........................................................0.00
Fishing Income:...........................................................0.00
Rents:....................................................................0.00
Royalties:................................................................0.00
Other Income:.............................................................0.00
Substitute Payments for Dividends:........................................0.00
Excess Golden Parachute:..................................................0.00
Crop Insurance:...........................................................0.00
Attorney Fees:............................................................0.00
Section 409A Deferrals:...................................................0.00
Section 409A Income:......................................................0.00
Direct Sales Indicator:........................................Not Direct Sales
Second Notice Indicator:.........................................No Second Notice


                    This Product Contains Sensitive Taxpayer Data
```

HOME  ABOUT THE SUNTRUST SETTLEMENT  COMMONLY ASKED QUESTIONS  CLAIM FORM  HELP FOR BORROWERS  MENU PRINCIPAL  ACERCA DEL ACUERDO DE SUNTRUST  PREGUNTAS FRECUENTES  FORMULARIO DE RECLAMACION  AYUDA PARA PRESTATARIOS

## Welcome

National
SunTrust
Settlement

This website provides information about the joint state-federal settlement with SunTrust.

## Announcements

January 4, 2016:

The deadline to submit a claim form has passed and claims are no longer being accepted. Checks were mailed on December 4, 2015 to borrowers who submitted valid claims in the National SunTrust Settlement. The payment amount for each loan was approximately $1,330. The exact amount is not being released to help prevent fraud.

**CFPB, State AGs Reach Settlement with SunTrust**

*Updated: December 8, 2014 (Consent Judgment documents added)*

• **$500 Million in relief for borrowers**

• **$40 Million in cash to foreclosed homeowners**

• **Modeled on National Mortgage Settlement**

The Federal government together with state attorneys general in 49 states and the District of Columbia reached a settlement in 2014 requiring SunTrust Mortgage, Inc., to provide $500 million in various forms of relief to certain borrowers. The United States District Court for the District of Columbia entered the Consent Order on September 30, 2014. The consent order addresses SunTrust's alleged misconduct regarding its mortgage servicing and foreclosure practices. SunTrust must also create a 40 million dollar fund for the approximately 45,000 SunTrust borrowers who were foreclosed upon between January1, 2008 and December 31, 2013. In addition, SunTrust must adhere to significant new homeowner protections. The consent order requires that SunTrust follow the servicing standards set up by the 2012 National Mortgage Settlement (NMS) with the five largest banks. SunTrust's compliance with this settlement will be monitored by the same professional monitoring team currently in charge of enforcing the NMS, led by former North Carolina Banking Commissioner Joe Smith.

Further information concerning the SunTrust settlement is available here:

• To see a copy of the Consent Judgment Click here: A copy of the Consent Judgement entered by Judge Rosemary Collyer on September 30, 2014

• To see a copy of the Exhibits click here: (Exhibit A, Exhibit B, Exhibit C, Exhibit D, Exhibit E, Exhibit F, Exhibit G, Exhibit H, Exhibit I, Exhibit J, Att A to Exhibit J, Exhibit K)

## Settlement Timeline

Notices Sent to Eligible Borrowers: March 2015

Primary Deadline to File a Payment Claim: June 4, 2015

Payments mailed to eligible borrowers who make claims: We anticipate checks will be mailed in the fall of 2015.

WHEN RECORDED MAIL TO:
JPMorgan Chase Bank, N.A.
7301 Baymeadows Way
Jacksonville, FL 32256

LAND TITLE   201306100324
Deed Rec Fee  $ 74.00
06/10/2013 02:04 PM
Walter Washington, Kitsap Co Auditor       Page: 1 of 3

TS No.: WA-08-194437-SH
Title Order No.: W893012
Trustor: VINCENT W BELTZ AND DONNA BELTZ, HUSBAND AND WIFE
Deed of Trust Instrument/Reference No.: 200608090212
Notice of Sale Instrument/Reference No.: 201301290379
Deed of Trust book/page (if applicable):

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## TRUSTEE'S DEED UPON SALE

A.P.N.: 11250210202006                    TRANSFER TAX: $0.00

The GRANTOR, QUALITY LOAN SERVICE CORPORATION OF WASHINGTON, as current Trustee, (whereas so designated in the Deed of Trust hereunder more particularly described or as duly appointed Successor Trustee) under that Deed of Trust in consideration of the premises and payment recited below, hereby grants and conveys, without representation or warranty, expressed or implied, all right title and interest to U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION AS TRUSTEE AS SUCCESSOR BY MERGER TO LASALLE BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-AR13 TRUST, as GRANTEE, to all real property (the "Property"), situated in the County of KITSAP, State of Washington, described as follows:

THE SOUTH 221 FEET OF THE NORTH 438 FEET OF GOVERNMENT LOT 2, SECTION 11, TOWNSHIP 25 NORTH, RANGE 2 EAST, W.M., IN KITSAP COUNTY, WASHINGTON; EXCEPT THE WEST 20 FEET THEREOF CONVEYED TO KITSAP COUNTY, WASHINGTON FOR ROAD PURPOSES; TOGETHER WITH SECOND CLASS TIDELANDS AS CONVEYED BY THE STATE OF WASHINGTON, SITUATE IN FRONT OF, ADJACENT TO OR ABUTTING THEREON.

RECITALS:

1. This conveyance is made pursuant to the powers, including the power of sale, conferred upon the current Trustee by that certain Deed of Trust between VINCENT W BELTZ AND DONNA BELTZ, HUSBAND AND WIFE, as original Grantor, to PACIFIC NORTHWEST TITLE, as original trustee, and WASHINGTON MUTUAL BANK, FA, as original Beneficiary, dated 7/28/2006 and recorded 8/9/2006 as instrument number

KITSAP COUNTY TREASURER EXCISE        06/10/2013

**2013EX03639**

Total: $10.00           Clerk's Initial

200608090212 of the Official Records in the office of the Recorder of KITSAP, Washington.

2. The Deed of Trust was executed to secure, together with other undertakings, the payment of one or more promissory note(s) ("Note") in the sum of **$825,000.00** with interest thereon, according to the terms thereof, and other sums of money which might become due and payable under the terms of said Deed of Trust.

3. The Deed of Trust provided that the Property is not used principally for agricultural or farming purposes and the current Trustee has no actual knowledge that the Property is used principally for agricultural or farming purposes.

4. That a Default occurred in the obligations secured and/or covenants of the Deed of Trust referenced in paragraph one (1), as set forth in the Notice of Trustee's Sale described below, and that the current Trustee, transmitted the Notice of Default to the required parties, and that a copy of said Notice was posted or served in accordance with law.

5. The holder of the note secured by the Deed of Trust delivered to the current Trustee a written request directing the current Trustee to sell the Property in accordance with law and the terms of the Deed of Trust.

6. That because the defaults specified in the "Notice of Default" were not cured, the current Trustee, in compliance with the terms of the Deed of Trust, recorded on 1/29/2013 in the KITSAP County, Washington recorder's Office, a "Notice of Trustee's Sale" of the Property as instrument no. 201301290379.

7. The current Trustee fixed the place of sale as: **At the main entrance to the Superior Courthouse, 614 Division Street, Port Orchard, WA 98366**, in the State of Washington, a public place, at 9:00 AM. In accordance with the law caused copies of the statutory "Notice of Trustee's Sale" to be transmitted by mail to all persons entitled thereto and either posted or served prior to the statutory minimum number of days before the final sale; further, the current Trustee caused a copy of said "Notice of Trustee's Sale" to be published in a legal newspaper in each county in which the property or any part thereof is situated, once between the thirty-fifth and twenty-eighth day before the date of the sale, and once between the fourteenth and the seventh day before the date of the sale; and further, included with the Notice, which was transmitted to or served upon the Deed of Trust grantor or his successor in interest, a "Notice of Foreclosure."

8. During foreclosure, no action by the Beneficiary, its successors or assigns was pending on an obligation secured by the Deed of Trust.

9. All legal requirements and all provisions of said Deed of Trust have been complied with, as to acts to be performed and notices to be given, as provided in chapter 61.24 RCW.

10. That because the defaults specified in the "Notice of Trustee's Sale" were not cured at least ten days prior to the date scheduled for the Trustee's Sale and said obligation secured by said Deed of Trust remained unpaid, on 5/31/2013, the date of sale, which was not less than 190 days from the date of default in the obligation secured, the GRANTOR then and there sold the Property at public auction to said GRANTEE, the highest bidder therefore, as a credit bid for the sum of **$538,590.00**.

This conveyance is made without representations or warranties of any kind, expressed or implied. By recording this Trustee's Deed, GRANTEE understands, acknowledges and agrees that the Property was

purchased in the context of a foreclosure, that the current Trustee made no representations to GRANTEE concerning the Property and that the current Trustee owed no duty to make disclosures to GRANTEE concerning the Property, GRANTEE relying solely upon his/her/their/its own due diligence investigation before electing to bid for the Property.

In witness thereof, QUALITY LOAN SERVICE CORPORATION OF WASHINGTON, as GRANTOR, has this day, caused its name to be hereunto affixed by its officer thereunto duly authorized by its corporation by-laws.

Date: JUN 0 4 2013

QUALITY LOAN SERVICE CORPORATION OF WASHINGTON

By: Shenmae Pavagas, Assistant Secretary

State of: <u>California</u>)
County of: <u>San Diego</u>)

On 6.4.13 before me, JANETH SALAS AGUILAR a notary public, personally appeared Shenmae Pavagas, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under *PENALTY OF PERJURY* under the laws of the State of <u>California</u> that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature Janeth Salas (Seal)
JANETH SALAS AGUILAR

[Notary Seal: JANETH SALAS AGUILAR, COMM. #1997798, NOTARY PUBLIC-CALIFORNIA, SAN DIEGO COUNTY, My Commission Expires NOVEMBER 11, 2016]

After Recording Return To:
Post Sale Dept.
Northwest Trustee Services, Inc.
P.O. Box 997
Bellevue, WA 98009-0997

FIRST AMERICAN TITLE INS   201010110218
Deed Rec Fee: $ 63.00
10/11/2010 12:23 PM                    Page: 1 of 2
Walter Washington, Kitsap Co Auditor

4449217

File No.: 7219.20639/Beltz, Donna n/k/a Brashear, Faith Lynn

Ref # 2010 0230225

## Trustee's Deed

The GRANTOR, Northwest Trustee Services, Inc., as present Trustee under that Deed of Trust (defined below), in consideration of the premises and payment recited below, hereby grants and conveys, without representation or warranty, expressed or implied, to Federal National Mortgage Association, as GRANTEE, all real property (the Property), situated in the County of Kitsap, State of Washington, described as follows:

Tax Parcel No.: 042502-1-088-2004

Lot B of Short Plat No. 5544, as recorded under Recording Nos. 9102270065 and 9102270066, being a portion of the Southeast Quarter of the Northeast Quarter of the Northeast Quarter of Section 4,, Township 25 North, Range 2 East, W.M., records of Kitsap County Auditor; Situate in the City of Bainbridge Island, County of Kitsap, State of Washington.

RECITALS:

1. This conveyance is made pursuant to the powers, including the power of sale, conferred upon the Grantee by that certain Deed of Trust between Donna Beltz, a married woman as her sole and separate property, as Grantor, to Transnation, as Trustee, and Mortgage Electronic Registration Systems, Inc. solely as nominee for Lender and Lender's successors and successor assigns, Beneficiary, dated 10/08/07, recorded 10/12/07, under Auditor's No. 200710120179, records of Kitsap County, Washington and subsequently assigned to SunTrust Mortgage, Inc. under Kitsap County Auditor's No. 201006150234.

2. The Deed of Trust was executed to secure, together with other undertakings, the payment of one or more promissory note(s) ("Note") in the sum of $417,000.00 with interest thereon, according to the terms thereof, in favor of Mortgage Electronic Registration Systems, Inc. solely as nominee for Lender and Lender's successors and successor assigns and to secure any other sums of money which might become due and payable under the terms of said Deed of Trust.

3. The Deed of Trust provided that the Property is not used principally for agricultural or farming purposes and the Grantor has no actual knowledge that the Property is used principally for agricultural or farming purposes.

4. Default having occurred in the obligations secured and/or covenants of the Deed of Trust grantor, as set forth in Notice of Trustee's Sale described below, which by the terms of the Deed of Trust make operative the power to sell, the thirty-day advance Notice of Default was transmitted to the Deed of Trust grantor, or his successor in interest, and a copy of said Notice was posted or served in accordance with law.

5. SunTrust Mortgage, Inc., being then the holder or the nominee of the indebtedness secured by the Deed of Trust, delivered to said Grantor a written request directing Grantor to sell the Property in accordance with law and the terms of the Deed of Trust.

KITSAP COUNTY TREASURER EXCISE        10/11/2010

**2010EX05282**

Total: $10.00                    Clerk's Initial

6. The defaults specified in the "Notice of Default" not having been cured, the Grantor, in compliance with the terms of the Deed of Trust, executed and on 06/23/10, recorded in the office of the Auditor of Kitsap County, Washington, a " Notice of Trustee's Sale" of the Property under Auditor's File No. 201006230225.

7. The Grantor, in the "Notice of Trustee's Sale", fixed the place of sale as inside the main lobby of the Kitsap County Courthouse, 614 Division Street, City of Port Orchard, State of Washington a public place, at 10:00 o'clock a.m., and in accordance with the law caused copies of the statutory "Notice of Trustee's Sale" to be transmitted by mail to all persons entitled thereto and either posted or served prior to 90 days before the sale; further, the Grantor caused a copy of said "Notice of Trustee's Sale" to be published in a legal newspaper in each county in which the property or any part thereof is situated, once between the thirty-fifth and twenty-eighth day before the date of sale, and once between the fourteenth and the seventh day before the date of sale; and further, included with the Notice, which was transmitted to or served upon the Deed of Trust grantor or his successor in interest, a "Notice of Foreclosure" in substantially the statutory form, to which copies of the Note and Deed of Trust were attached.

8. During foreclosure, no action by the Beneficiary, its successors or assigns was pending on an obligation secured by the Deed of Trust.

9. All legal requirements and all provisions of said Deed of Trust have been complied with, as to acts to be performed and notices to be given, as provided in chapter 61.24 RCW.

10. The defaults specified in the "Notice of Trustee's Sale" not having been cured ten days prior to the date of Trustee's Sale and said obligation secured by said Deed of Trust remaining unpaid, on September 24, 2010, the date of sale, which was not less than 190 days from the date of default in the obligation secured, the Grantor then and there sold the Property at public auction to said Grantee, the highest bidder therefore, for the sum of $315,800.00.

This conveyance is made without representations or warranties of any kind, expressed or implied. By recording this Trustee's Deed, Grantee understands, acknowledges and agrees that the Property was purchased in the context of a foreclosure, that the trustee made no representations to Grantee concerning the Property and that the trustee owed no duty to make disclosures to Grantee concerning the Property, Grantee relying solely upon his/her/their/its own due diligence investigation before electing to bid for the Property.

DATED: October 3, 2010

GRANTOR
Northwest Trustee Services, Inc.

By _____
Assistant Vice President
Northwest Trustee Services, Inc.

STATE OF WASHINGTON )
) ss.
COUNTY OF KING )

I certify that I know or have satisfactory evidence that **Heather Westfall** is the person who appeared before me, and said person acknowledged that (he/she) signed this instrument, on oath stated that (he/she) was authorized to execute the instrument and acknowledged (he/she) as the Assistant Vice President of Northwest Trustee Services, Inc. to be the free and voluntary act of such party for the uses and purposes mentioned in the instrument.

Dated: October 3, 2010

S. L. BURNS
NOTARY PUBLIC
STATE OF WASHINGTON
COMMISSION EXPIRES
MARCH 28, 2011

NOTARY PUBLIC in and for the State of
Washington, residing at King Co.
My commission expires: 03/28/2011